PEOPLE v JENKINS

Docket No. 54676. Argued September 10, 1974 (Calendar No. 1).—
Decided December 18, 1975. Rehearing denied 396 Mich 977.

Donalda Jenkins was convicted by a jury in Recorder's Court of
Detroit, George T. Ryan, J., of first-degree felony murder. No
jury instruction was given on lesser included offenses, nor were
there any requests for such instructions. The Court of Appeals,
T. M. Burns, P. J., and J. W. Fitzgerald and R. B. Burns, JJ.,
granted the prosecutor's motion to affirm in a memorandum
opinion (Docket No. 13919). Defendant appeals. *Held:*

1. In every trial for first-degree murder, including felony
murder, the court is required to instruct the jury *sua sponte,*
and even over objection, on the included offense of second-
degree murder. This exception to the general rule, that absent
a request the trial court is not required to instruct on lesser
included offenses, is made because of the significant difference
in the penalties for first- and second-degree murder, and be-
cause every charge of first-degree murder necessarily includes
the lesser offense of second-degree murder.

2. The proper remedy in this case for the failure of the court
to instruct the jury on second-degree murder is to reduce the
degree of the conviction and remand for resentencing. The
elements of second-degree murder were proven, and a jury
which returns a verdict of guilty of murder in the first degree
necessarily finds that the lesser included offense of second-
degree murder was committed.

3. If the prosecuting attorney is persuaded that the ends of
justice would be better served, upon notification to the trial
court before resentencing, the conviction shall be vacated and a
new trial granted on a charge of first-degree murder.

The opinion applies to this case and to all cases tried after
January 1, 1976.

1. HOMICIDE—FIRST-DEGREE MURDER—LESSER INCLUDED OFFENSES—
INSTRUCTIONS TO JURY.

In every trial for first-degree murder, including felony murder,

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 40 Am Jur 2d, Homicide § 525 *et seq.*
[2] 40 Am Jur 2d, Homicide § 45.

the court is required to instruct the jury *sua sponte,* even over objection, on the included offense of second-degree murder (MCL 750.316, 750.317).

2. HOMICIDE—FIRST-DEGREE MURDER—LESSER INCLUDED OFFENSES.

A jury which returns a verdict of guilty of murder in the first degree necessarily finds that the lesser included offense of second-degree murder was committed (MCL 750.316, 750.317).

3. HOMICIDE—FIRST-DEGREE MURDER—LESSER INCLUDED OFFENSES— FAILURE TO INSTRUCT JURY—REMEDY.

The proper remedy in a case in which defendant was convicted of first-degree felony murder but the trial judge failed to instruct the jury on second-degree murder, and in which the elements of second-degree murder were proven, is a reduction of the conviction to second-degree murder, because the jury necessarily found the defendant guilty of second-degree murder (MCL 750.316, 750.317).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba* for defendant.

T. G. KAVANAGH, C. J. Defendant was charged with first-degree felony murder and convicted by a jury. MCLA 750.316; MSA 28.548. The conviction was affirmed by the Court of Appeals. We granted leave to consider several assignments of error.

Defendant contends that the trial court erred by failing to instruct on the lesser included offenses of first-degree felony murder. No requests for any such instructions were made at trial. In *People v Henry,* 395 Mich 367; 236 NW2d 489 (1975), we declined to *require* the trial court to instruct on lesser included offenses absent request by counsel

in the ordinary case. We make a sole exception for cases of first-degree murder.

In *People v Carter,* 395 Mich 434; 236 NW2d 500 (1975), we held that there are lesser included offenses to felony murder, and that every charge of first-degree murder necessarily includes the lesser offense of second-degree murder.

The statutory difference in the penalties provided for first-degree murder and second-degree murder are great. A person convicted of first-degree murder must be sentenced to life imprisonment and is not eligible for parole. A person convicted of second-degree murder may be sentenced to life imprisonment or for any term of years up to life, but that sentence is not mandatory. A person convicted of second-degree murder may be paroled. MCLA 791.234; MSA 28.2304.

Because of the significant differences in the penalties between first- and second-degree murder, and because every charge of first-degree murder necessarily includes the lesser offense of second-degree murder, in every trial for first-degree murder, including felony murder, the trial court is required to instruct the jury *sua sponte,* and even over objection, on the lesser included offense of second-degree murder. That was not done here. The trial court instructed the jury that they were to find the defendant either guilty or not guilty of first-degree murder. No mention was made of second-degree murder. MCLA 768.32; MSA 28.1055 states that the jury may find the accused not guilty of the offense in the degree charged, and may find the defendant guilty of a lesser degree of that offense.

Defendant seeks reversal and a new trial for the failure of the court to instruct *sua sponte* on lesser included offenses. We are persuaded, however, that

in this case the proper remedy is reduction of the degree of the conviction. The elements of second-degree murder were proven. A jury which returns a verdict of guilty of murder in the first degree necessarily finds that the lesser included offense of second-degree murder was committed. *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973).

Due to the failure of the trial court to instruct on the lesser included offense of second-degree murder, we reverse the conviction of first-degree murder and remand for entry of a judgment of conviction of the lesser included offense of second-degree murder and for resentencing. If, however, the prosecuting attorney is persuaded that the ends of justice would be better served, upon notification to the trial court before resentencing, the trial court shall vacate the judgment of conviction and grant a new trial on the charge that the defendant committed the crime of first-degree murder.

This decision shall apply to this case and to all cases tried after January 1, 1976.

WILLIAMS, LEVIN, and COLEMAN, JJ., concurred with T. G. KAVANAGH, C. J.

FITZGERALD, LINDEMER, and RYAN, JJ., took no part in the decision of this case.