PEOPLE v VAN WYCK

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—APPEAL AND ERROR—
   LESSER INCLUDED OFFENSES—COURT RULES.

   A defense counsel's objection to a trial judge's instructions to a
   jury was sufficiently timely and should not deprive the defend-
   ant of a full appellate review of the issue of the trial judge's
   refusal to instruct on lesser included offenses where the objec-
   tion was made after the jury had been directed to retire for the
   sole purpose of selecting a jury foreman but before any direc-
   tions were given to the jury on beginning deliberations (GCR
   1963, 516.2).

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—EVIDENCE—LESSER IN-
   CLUDED OFFENSES.

   A trial judge's refusal to give a requested instruction to a jury on
   a lesser included offense is reversible error where evidence has
   been presented which would support a conviction of a lesser
   included offense.

3. CRIMINAL LAW—LESSER INCLUDED OFFENSES—EVIDENCE.

   The evidence will always support a lesser included offense if it
   supports the greater offense where the lesser offense is one that
   is necessarily included within the greater.

4. CRIMINAL LAW—LESSER INCLUDED OFFENSES—ELEMENTS OF CRIME.

   A lesser offense is necessarily included within a greater offense if
   all of the elements of the lesser offense are elements of the
   greater offense.

5. HOMICIDE—VOLUNTARY MANSLAUGHTER—MURDER—LESSER IN-
   CLUDED OFFENSES.

   Voluntary manslaughter is a necessarily included offense within
   the crime of murder.

6. CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS TO JURY—
   LESSER INCLUDED OFFENSES—CASE PRECEDENT—RETROACTIVE
   APPLICATION.

   Recent Supreme Court cases holding that it is reversible error for

REFERENCES FOR POINTS IN HEADNOTES
[1–4, 6] 21 Am Jur 2d, Criminal Law §§ 185, 494.
[5] 40 Am Jur 2d, Homicide § 7.

a trial judge to refuse to give requested instructions on lesser included offenses where evidence has been presented which would support a conviction of a lesser included offense are to be given retroactive application.

Appeal from Kent, Roman J. Snow, J. Submitted June 2, 1976, at Grand Rapids. (Docket No. 20435.) Decided November 8, 1976.

Robert B. Van Wyck was convicted of second-degree murder. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Harold S. Sawyer,* Prosecuting Attorney, and *Craig S. Neckers,* Assistant Attorney General, for the people.

*Street, Stevens, Schuler, Johnson, Hipkiss, Piasecki & Knowlton,* for defendant.

Before: DANHOF, C. J., and D. E. HOLBROOK and D. L. MUNRO,* JJ.

D. L. MUNRO, J. The defendant was convicted by a circuit court jury of second-degree murder in violation of MCLA 750.317; MSA 28.549. He was sentenced to serve a term of life imprisonment. Defendant appeals from that conviction as of right.

One meritorious issue is raised on appeal. The defendant contends that it was error for the trial court to deny his request for an instruction to the jury on the elements of voluntary manslaughter. The record shows that the trial court charged the jury, then instructed them to retire for the purpose of selecting a foreman only. They were not, he instructed, to begin deliberations until directed by him to do so. After the jury had so retired, the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

trial court asked counsel if there were any objections to the charge as delivered.

The prosecutor in his brief argues first that the request for an instruction was not timely and second that the instruction was not warranted, there having been no evidence introduced to support a verdict of manslaughter.

In support of the former proposition the prosecutor cites GCR 1963, 516.1, which reads *inter alia:*

"Request for Instructions. At or before the close of the evidence, any party may, or any time the court reasonably directs, the parties shall file written requests that the court instruct the jury on the law as set forth in the request. A copy of such requested instructions shall be served on the adverse parties in accordance with Rule 107. The Court shall inform counsel of its proposed action on the requests prior to their arguments to the jury, and, subject to the provisions of subrule 516.3, shall instruct the jury after the arguments are completed. The court may make such comments on the evidence, the testimony, and the character of the witnesses as in its discretion the interests of justice require."

Because the record discloses no order of the trial court directing submission of written requests to charge, the language pertinent to this case is "any party may", which is merely permissive and will not operate to foreclose the defendant the relief he seeks.

More on point is GCR 1963, 516.2:

"Objections. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

The key language is "to consider the verdict". In this case the jury was asked to retire for the two-fold purpose of election of a foreman and to remove them from the courtroom while the trial court considered objections to the charge. Certainly this would be a pointless gesture if all objections so entertained were dismissed as untimely. We are of the opinion that defense counsel's request was not so late as to deny the defendant full appellate review of this issue. See *People v Fountain*, 392 Mich 395; 221 NW2d 375 (1974).[1]

It remains then to determine the propriety of the defendant's request for instructions on manslaughter.

"The duty of the trial judge to instruct on lesser included offenses is determined by the evidence. *People v Phillips*, 385 Mich 30; 187 NW2d 211 (1971). If evidence has been presented which would support a conviction of a lesser included offense, refusal to give a requested instruction is reversible error. *Id.* at 36. *People v Hamilton*, 76 Mich 212; 42 NW 1131 (1889).

"If the lesser offense is one that is necessarily included within the greater, the evidence will always support the lesser if it supports the greater." *People v Ora Jones*, 395 Mich 379, 390; 236 NW2d 461, 465 (1975).

A crime is necessarily included within a greater crime if all of its elements are elements of the greater. Voluntary manslaughter is the unlawful killing of another without malice express or im-

---

[1] It is this writer's opinion that GCR 1963, 516.1 & 2, should be rewritten so as to provide that no party may request additional instructions to the jury after the instructions have been given to the jury as the present rule permits a party to sit back, wait until the trial court's instructions to the jury have been completed; and then request a hitherto unrequested instruction so as to have that instruction given to the jury when they are called back and directed to start deliberations thus unnecessarily emphasizing that instruction.

plied. See *People v Onesto,* 203 Mich 490, 496; 170 NW 38 (1918), and Warren, Homicide, § 85, p 416. Although the crime of voluntary manslaughter requires that the act had been committed under great provocation, provocation is not an element of that crime in the true sense. Rather, it is the factor which mitigates what would otherwise have been murder. It is the means by which a showing of malice is rebutted. Defined thus, it is clear that voluntary manslaughter is a necessarily included offense within the crime of murder.

The recent line of cases, including *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), and *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975), decisions made after the trial court decision in this matter, requires that defendant's conviction be reversed and remanded for a new trial since *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976), has applied those cases retroactively.

Reversed.