PEOPLE v VAN WYCK (ON REHEARING)

1. HOMICIDE—MANSLAUGHTER—CRIMINAL LAW—INSTRUCTIONS TO
   JURY—REQUEST FOR INSTRUCTIONS.
   An instruction on manslaughter must be given to the jury in a
   prosecution for murder where a request has been made for the
   manslaughter instruction.

2. HOMICIDE—MANSLAUGHTER—CRIMINAL LAW—INSTRUCTIONS TO
   JURY—REMAND—NEW TRIAL.
   A case in which a defendant was convicted of second-degree
   murder should be remanded where the trial court refused to
   instruct the jury, upon request, on voluntary manslaughter; on
   remand, the defendant should be convicted of manslaughter
   and resentenced or, upon election of the prosecutor, the judg-
   ment of conviction should be vacated and the defendant
   granted a new trial on the charge of second-degree murder.

Appeal from Kent, Roman J. Snow, J. Submitted
June 2, 1976, at Grand Rapids. (Docket No. 20435.)
Decided November 8, 1976. Opinion on rehearing
filed June 6, 1977. Leave to appeal applied for.

Robert B. Van Wyck was convicted of second-
degree murder. Defendant appealed. Reversed, 72
Mich App 101. Rehearing granted. On rehearing,
conviction reversed, and remanded with instruc-
tions.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *David H. Sawyer,*
Prosecuting Attorney, and *Craig S. Neckers,* As-
sistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide § 482.
[2] 40 Am Jur 2d, Homicide §§ 561, 563.

*Street, Stevens, Schuler, Johnson, Hipkiss, Pia-secki & Knowlton,* for defendant.

Before: DANHOF, C. J., and D. E. HOLBROOK and D. L. MUNRO,* JJ.

ON REHEARING

D. L. MUNRO, J. In this matter the Court issued its decision on November 8, 1976, 72 Mich App 101; 249 NW2d 311, relating to the appeal of the defendant and thereafter considered the motion for a rehearing filed by the people, which motion was granted on January 19, 1977, and the parties have filed their briefs relating to the rehearing in this matter.

The question submitted to this Court on rehearing involves the issue of whether or not manslaughter is a necessarily included lesser offense to the crime of murder, requiring instructions to the jury where requested by the defendant, even though only slight evidence of manslaughter was in the record.

Following the trial of this matter and prior to the decision of this Court on appeal, the Supreme Court, in the cases of *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), and *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975), explored in considerable detail what are necessarily included lesser offenses as well as what are termed cognate offenses. Subsequently, in the case of *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976), the Supreme Court held the *People v Ora Jones* decision to be retroactive. The *Lovett* case, however, was a per curiam opinion and in this

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

Court's mind, at least, there was some doubt as to whether or not the application of the *Ora Jones* decision was intentionally made retroactive.

Since our decision in this case the Supreme Court has reversed the Court of Appeals in the case of *People v Thomas,* 68 Mich App 302; 242 NW2d 564 (1976), and found that the instruction on manslaughter must be given by the trial court to the jury where a request for the same has been made. The Supreme Court decision in *People v Thomas* was rendered on February 8, 1977, 399 Mich 826. It is, therefore, necessary that this Court re-affirm its opinion in this matter.

In accordance with the provisions of the Supreme Court decision in the *Thomas* case this matter is remanded to the trial court for the entry of a judgment of conviction of manslaughter and resentencing by the trial court on that charge because it was reversible error for the trial court to refuse to instruct on voluntary manslaughter. If, however, the prosecuting attorney is persuaded that the ends of justice would be better served, upon notification to the trial court before resentencing, the trial court shall vacate the judgment of conviction and grant a new trial on the charge that the defendant committed the crime of second-degree murder. If the case is tried again the trial judge should, depending on the proofs submitted and upon the requests filed, instruct on the issue of manslaughter and any other necessarily included or cognate offenses for which requests to instruct are filed.

Reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.

D. E. HOLBROOK, J., concurred in the result.