PEOPLE v VAN WYCK

PEOPLE v LIBBETT

Docket Nos. 59946, 60102. Decided February 27, 1978. On applications
by the people for leave to appeal the Supreme Court, in lieu of
granting leave to appeal, reversed the decisions of the Court of
Appeals and remanded for consideration of the remaining
issue.

Robert B. Van Wyck was charged with first-degree murder and
was convicted by a jury in Kent Circuit Court, Roman J. Snow,
J., of second-degree murder. The jury was instructed on first-
degree and second-degree murder, but the trial court refused
the defendant's request for an instruction on manslaughter.
The Court of Appeals, Danhof, C. J., and D. L. Munro, J. (D. E.
Holbrook, J., concurring in result), on rehearing reversed the
defendant's conviction and remanded for further proceedings
(Docket No. 20435). The people apply for leave to appeal.

James Libbett was charged with first-degree murder in the deaths
of two persons and convicted by a jury in Kent Circuit Court,
George R. Cook, J., of first-degree murder in one killing and
second-degree murder in the other. The trial court refused the
defendant's request for an instruction to the jury on man-
slaughter. The Court of Appeals, R. B. Burns, P. J., and D. E.
Holbrook and Breighner, JJ., reversed the defendant's convic-
tions and remanded for further proceedings (Docket No. 28172).
The people apply for leave to appeal. *Held:*

1. Manslaughter is not a necessarily included offense within
the crime of murder, but it may nonetheless be an included
offense if the evidence adduced at trial would support a verdict
of guilty of manslaughter. A person who kills another with
malice aforethought is guilty of common-law murder. Provoca-
tion may mitigate the degree of the offense to manslaughter.
The absence of mitigating circumstances need not be estab-
lished in order to convict a defendant of first- or second-degree
murder. It is incorrect to state that it is impossible to commit
first- or second-degree murder without having first committed
manslaughter.

2. The decisions of the Court of Appeals are reversed and the
cases are remanded to that Court for a determination whether

the evidence in each case was sufficient to support a conviction of manslaughter. If the evidence would have been sufficient to support such a verdict, it was reversible error for the trial courts to refuse the requests for the instructions.

Reversed and remanded to the Court of Appeals.

72 Mich App 101; 249 NW2d 311 (1976), *(On Rehearing)* 76 Mich App 17; 255 NW2d 754 (1977) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Craig S. Neckers,* Assistant Prosecuting Attorney, for the people.

*Street, Stevens, Schuler, Johnson, Hipkiss, Piasecki & Knowlton* for defendant Van Wyck.

Per Curiam. The prosecutor has asked us, in each of these cases, to determine whether the Court of Appeals was correct in holding that voluntary manslaughter is a necessarily included offense within the crime of murder.

Robert Bruce Van Wyck was convicted by a jury in Kent circuit court of the second-degree murder of Lois McDonald. The jury was instructed on first-degree murder and second-degree murder. Defense counsel requested that the trial court also instruct the jury on manslaughter. The request was refused.

The Court of Appeals concluded that voluntary manslaughter is a necessarily included offense within the crime of murder and reversed Van Wyck's conviction. 72 Mich App 101, 105; 249 NW2d 311 (1976). The Court alluded to this Court's decisions in *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), and *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975), and the holding in those cases to the effect that if an instruction on a necessarily included offense is requested, it is reversible error to fail to so in-

struct. The Court of Appeals remanded for entry of a judgment of conviction of manslaughter but gave the prosecutor the option to retry Van Wyck on the second-degree murder charge if the prosecuting attorney was persuaded that the ends of justice would be better served thereby. *People v Van Wyck (On Rehearing)*, 76 Mich App 17; 255 NW2d 754 (1977).

James Libbett was convicted by a Kent circuit jury of the first-degree murder of Rosalie Sterling and the second-degree murder of Danny Ireland. The trial court refused to instruct the jury with regard to manslaughter, although requested to do so by defense counsel. The Court of Appeals concluded that voluntary manslaughter is a necessarily included offense within the crime of murder and reversed.

We hold that manslaughter is not a necessarily included offense within the crime of murder but that it may nonetheless be an included offense if the evidence adduced at trial would support a verdict of guilty of that crime.

As we noted in *People v Ora Jones, supra:*

"The common-law definition of lesser included offenses is that the lesser must be such that it is impossible to commit the greater without first having committed the lesser. 4 Wharton, Criminal Law and Procedure, § 1799. This definition includes only *necessarily* included lesser offenses. This definition, however, is generally conceded to be unduly restrictive, and thus most jurisdictions, including Michigan, have statutes that are broadly construed to permit conviction of 'cognate' or allied offenses of the same nature, under a sufficient charge. These lesser offenses are related and hence 'cognate' in the sense that they share several elements, and are of the same class or category, but may contain some elements not found in the higher offense." 395 Mich 387. (Emphasis in original.)

A person who kills another with malice afore-
thought is guilty of common-law murder.

"Malice aforethought is the intention to kill, actual
or implied, under circumstances which do not constitute
excuse or justification or mitigate the degree of the
offense to manslaughter." *People v Morrin,* 31 Mich
App 301, 310–311; 187 NW2d 434 (1971).

Provocation may mitigate the degree of the
offense to manslaughter:

"But if the act of killing, though intentional, be
committed under the influence of passion or in heat of
blood, produced by an adequate or reasonable provoca-
tion, and before a reasonable time has elapsed for the
blood to cool and reason to resume its habitual control,
and is the result of the temporary excitement, by which
the control of reason was disturbed, rather than of any
wickedness of heart or cruelty or recklessness of disposi-
tion; then the law, out of indulgence to the frailty of
human nature, or rather, in recognition of the laws
upon which human nature is constituted, very properly
regards the offense as of a less heinous character than
murder, and gives it the designation of manslaughter."
*Maher v People,* 10 Mich 212, 219 (1862).

The absence of mitigating circumstances need
not be established in order to convict one of first-
or second-degree murder. Consequently, it cannot
be said that voluntary manslaughter is a necessar-
ily included offense within the crime of murder; it
is incorrect to state that it is impossible to commit
first- or second-degree murder without having first
committed manslaughter.

It remains to be decided in these cases, however,
whether the evidence adduced at trial would have
been sufficient to support a jury verdict of guilty of
the offense of manslaughter. If the evidence would

have been sufficient to support such a verdict, it was reversible error for the trial court, on request, to refuse the requested instruction. *People v Paul,* 395 Mich 444; 236 NW2d 486 (1975). The Court of Appeals did not address this question in light of its disposition of each of these matters. Accordingly, we now, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, reverse the judgment of the Court of Appeals and remand to that Court so it may determine whether the evidence in each case was sufficient to support a conviction of manslaughter.

If the Court concludes in *Van Wyck* that it was, it shall reverse the defendant's conviction and remand for entry of a judgment of conviction of manslaughter with the option to the prosecutor to retry, in his discretion, on second-degree murder. If, on the other hand, the Court concludes that the evidence was not sufficient to support a conviction of manslaughter, the Court shall affirm defendant's conviction of second-degree murder.

If the Court concludes in *Libbett* that the evidence was sufficient to support convictions of manslaughter, it shall reverse defendant's convictions of first-degree and second-degree murder, and shall remand for entry of judgments of conviction of manslaughter with the option to the prosecutor to retry, in his discretion, as to first- and second-degree murder of Sterling and Ireland, respectively. Libbett's request for appointment of counsel has become moot and is denied.

We do not retain jurisdiction in either case. In deciding these cases, we have no need to advert to the retroactivity of *People v Carter,* 395 Mich 434; 236 NW2d 500 (1975); *People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975); *People v Paul, supra; People v Chamblis, supra;* or *People v Jones, supra.*

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLE-
MAN, FITZGERALD, RYAN, and BLAIR MOODY, JR.,
JJ., concurred.