PEOPLE v PAGE

PEOPLE v MONTGOMERY

Docket Nos. 30360, 77-208. Submitted March 7, 1978, at Lansing.—
Decided May 22, 1978.

Gregory A. Page and Ernest Montgomery were each convicted by
a jury of two counts of felony murder. Defendants appealed.
The Court of Appeals reversed the convictions, concluding that
the trial court erred in failing to instruct the jury on the lesser
included offense of second-degree murder. The case was re-
manded for entry of a judgment of conviction of second-degree
murder with the prosecutor having the option to retry the
defendants on the first-degree felony-murder charge if he was
persuaded that the interests of justice would be better served
by such action. The prosecutor opted for the entry of second-
degree murder convictions and the defendants were resen-
tenced in Genesee Circuit Court, Ollie B. Bivins, Jr., J. The
defendants appeal. *Held:*

1. Entry of judgment of conviction of second-degree murder
was not error because the lower court's earlier error in failing
to instruct on second-degree murder did not entitle the defend-
ants to a new trial. Nor was there any error in the lower
court's refusal to instruct the jury on manslaughter since the
evidence adduced at trial would not support a verdict of guilty
of the crime of manslaughter.

2. The trial judge's failure to disqualify himself from resen-
tencing was not error where the record reveals no showing of
bias on the part of the trial judge.

3. There was no abuse of discretion on the part of the trial

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 40 Am Jur 2d, Homicide § 525.
[2] 75 Am Jur 2d, Trial §§ 876, 877.
[4, 5] 40 Am Jur 2d, Homicide § 530.
[6] 46 Am Jur 2d, Judges § 220.
[7] 77 Am Jur 2d, Venue § 84.
[8] 21 Am Jur 2d, Criminal Law §§ 303, 527 (Supp).
  Presentence reports: defendant's right to disclosure of. 40 ALR3d
  681.

judge in refusing to grant defendants' motion for a change of venue.

Affirmed.

1. HOMICIDE—FIRST-DEGREE MURDER—SECOND-DEGREE MURDER—IN-STRUCTIONS TO JURY—REQUEST.

Every defendant on trial for first-degree murder is entitled to have the jury instructed on second-degree murder even if no request for such an instruction is made.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—NECESSARILY LESSER IN-CLUDED OFFENSES.

A trial court, on request, must give instructions on necessarily lesser included offenses.

3. HOMICIDE—MANSLAUGHTER—MURDER—LESSER INCLUDED OFFENSES.

Manslaughter is not necessarily a lesser included offense within the crime of murder; however, it may be an included offense if the evidence adduced at trial would support a verdict of guilty of the crime of manslaughter.

4. HOMICIDE—EVIDENCE—MURDER—MANSLAUGHTER—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES.

The Court of Appeals must view the evidence presented at a murder trial and determine if the evidence would sustain a manslaughter conviction in order to determine whether or not the trial court erred in refusing to give a requested instruction on manslaughter as a lesser included offense.

5. HOMICIDE—INSTRUCTIONS TO JURY—FELONY MURDER—SECOND-DE-GREE MURDER—LESSER INCLUDED OFFENSES—PROSECUTOR'S OP-TION.

A trial court's error in failing to instruct a jury in a felony-murder trial on the lesser included offense of second-degree murder does not entitle a defendant to a new trial; the proper procedure to follow is to remand the case for entry of judgment of conviction of second-degree murder and for resentencing, and to give the prosecutor the option to accept the entry of judg-ment of conviction for the reduced offense or, upon proper notice, to have a retrial on the first-degree murder charge.

6. JUDGES—DISQUALIFICATION OF JUDGE—PREJUDICE.

An actual showing of personal prejudice is required before a trial judge will be disqualified.

7. VENUE—MOTIONS—DISCRETION.

A motion for a change of venue is addressed to the sound

discretion of the trial court, and error will be found only where there is a showing of abuse of discretion.

8. APPEAL AND ERROR—CRIMINAL LAW—PRESENTENCE REPORT—PRE-SERVING ISSUE—MOTIONS.

A claim that a trial judge erred in failing to allow a defense attorney to review a defendant's presentence report used by the trial court has not been preserved for appeal where defense counsel was present at sentencing and made no request to examine the presentence report and where no motions were filed with the trial court concerning the presentence report before appeal.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Bruce E. Doll, P. C.,* for defendant Gregory A. Page.

*Mason and Mason,* for defendant Ernest Montgomery.

Before: D. E. HOLBROOK, JR., P. J., and J. H. GILLIS and S. EVERETT,* JJ.

J. H. GILLIS, J. Defendants were each tried and convicted by a jury of two counts of felony murder, contrary to MCL 750.316; MSA 28.548. Both were sentenced to mandatory terms of life in prison on each count. Defendants subsequently appealed to this Court citing several instances of error. This Court reversed defendants' convictions for felony murder in an unpublished per curiam opinion concluding that the trial court erred in failing to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

instruct the jury on the lesser included offense of second-degree murder. *People v Montgomery, People v Page,* (Docket Nos. 22809, 20618, June 16, 1976).

The case was remanded to the trial court for entry of a judgment of conviction on the lesser included offense of second-degree murder and for resentencing. However, the prosecuting attorney was given the option to retry the defendants on the first-degree felony-murder charge if he was persuaded that the interests of justice would be better served by such action.

On remand, the prosecutor opted for the entry of second-degree murder convictions for both defendants. Defendants were each resentenced by the trial court to two concurrent terms of 100 to 150 years in prison. Defendants now appeal as of right from their second-degree murder convictions.

Defendants first contend that the trial court erred in entering second-degree murder convictions following the reversal of their felony-murder convictions. Defendants argue that they were denied their right to a jury trial inasmuch as defendant Montgomery had requested jury instructions on the lesser included offense of manslaughter as well as second-degree murder.

It should be noted that defendant Page did not object to the instructions given by the court at his first trial and would normally be precluded from challenging the validity of the instructions on appeal.[1] See *People v Henry,* 395 Mich 367; 236 NW2d 489 (1975). However, this Court concluded

---

[1] Every defendant on trial for first-degree murder is entitled to have the jury instructed on second-degree murder even if no request for such an instruction is made. *See People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975). Hence, *People v Henry,* 395 Mich 367; 236 NW2d 489 (1975), would only apply to defendant Page's failure to request an instruction on manslaughter.

in defendants' first appeal that the interests of justice require that defendant Page be allowed to raise the issue on appeal.

"However, there was no objection because the trial judge had already refused to follow an identical request by counsel for Page's codefendant. In the interests of fairness, we deem that request to be sufficient to preserve this issue for Page's benefit as well." *People v Montgomery, People v Page, supra,* 415.

Therefore, defendant Page properly raises this issue on appeal.

Defendants direct us to *People v Van Wyck,* 72 Mich App 101; 249 NW2d 311 (1976), which concludes that voluntary manslaughter is a necessarily lesser included offense to the crime of murder. With murder necessarily included within the crime of felony murder, *People v Carter,* 395 Mich 434, 437; 236 NW2d 500 (1975), defendant Montgomery is logically correct in arguing that the denial of his request for an instruction on a necessarily lesser included offense mandates reversal and retrial. A trial court must, on request, give instructions on necessarily lesser included offenses. *People v Ora Jones,* 395 Mich 379; 390; 236 NW2d 461 (1975).

However, *People v Van Wyck, supra,* has been expressly overruled by the Supreme Court of this state. *People v Van Wyck,* 402 Mich 266; 262 NW2d 638 (1978).

"We hold that manslaughter is not a necessarily included offense within the crime of murder but that it may nonetheless be an included offense if the evidence adduced at trial would support a verdict of guilty of that crime.

"As we noted in *People v Ora Jones, supra:*

" 'The common-law definition of lesser included offenses is that the lesser must be such that it is impossi-

ble to commit the greater without first having committed the lesser. 4 Wharton, Criminal Law and Procedure, § 1799. This definition includes only *necessarily* included lesser offenses. This definition, however, is generally conceded to be unduly restrictive, and thus most jurisdictions, including Michigan, have statutes that are broadly construed to permit conviction of "cognate" or allied offenses of the same nature, under a sufficient charge. These lesser offenses are related and hence "cognate" in the sense that they share several elements, and are of the same class or category, but may contain some elements not found in the higher offense.' 395 Mich 387. * * *

"A person who kills another with malice aforethought is guilty of common-law murder.

" 'Malice aforethought is the intention to kill, actual or implied, under circumstances which do not constitute excuse or justification or mitigate the degree of the offense to manslaughter.' *People v Morrin,* 31 Mich App 301, 310–311; 187 NW2d 434 (1971).

"Provocation may mitigate the degree of the offense to manslaughter:

" 'But if the act of killing, though intentional, be committed under the influence of passion or in the heat of blood, produced by an adequate or reasonable provocation, and before a reasonable time has elapsed for the blood to cool and reason to resume its habitual control, and is the result of the temporary excitement, by which the control of reason was disturbed, rather than of any wickedness of heart or cruelty or recklessness of disposition; then the law, out of indulgence to the frailty of human nature, or rather, in recognition of the laws upon which human nature is constituted, very properly regards the offense as of a less heinous character than murder, and gives it the designation of manslaughter.' *Maher v People,* 10 Mich 212, 219 (1862).

"The absence of mitigating circumstances need not be established in order to convict one of first- or second-degree murder. Consequently, it cannot be said that voluntary manslaughter is a necessarily included offense within the crime of murder; it is incorrect to state that it is impossible to commit first- or second-degree

murder without having first committed manslaughter." *People v Van Wyck, supra,* at 268–269.

While manslaughter is not a necessarily lesser included offense within the crime of murder, it may nonetheless be an included offense if the evidence adduced at trial would support a verdict of guilty of that crime.

Therefore, in determining whether or not a trial court has erred in refusing to give a requested manslaughter instruction in a murder case, we must view the evidence presented at trial and determine if the evidence would sustain a manslaughter conviction.

In the instant matter, no evidence was produced to indicate that the killings were committed without malice aforethought. Defendants allege no mitigating circumstances but steadfastly contend that they did not participate in the killings. The record is void of any evidence which would support a reduction of the charges in the instant case from murder to manslaughter.

Accordingly, we rule that the trial court did not err in refusing to instruct the jury on the crime of manslaughter at the first trial.

The trial court obviously erred in failing to instruct the jury on the lesser included offense of second-degree murder. *People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975).

However, failure to so instruct does not entitle the defendants to a new trial. Numerous Michigan Supreme Court cases have ruled that the proper procedure to follow under such circumstances is to remand the case for entry of a conviction for second-degree murder and resentencing. These cases grant the prosecutor the option to accept the

reduction from first-degree murder to second-degree murder or, upon proper notice, to have a retrial on the first-degree murder charge. See *People v Dancer,* 396 Mich 802; 238 NW2d 29 (1976), *People v Livingston,* 396 Mich 818; 238 NW2d 360 (1976), *People v Bills,* 396 Mich 819; 238 NW2d 803 (1976), *People v Dates,* 396 Mich 820; 238 NW2d 360 (1976), *People v Archie Smith,* 396 Mich 825; 238 NW2d 536 (1976), *People v Aaron,* 396 Mich 843; 239 NW2d 602 (1976), *People v Watson,* 396 Mich 870 (1976), *People v Delvin Jones,* 397 Mich 871 (1976), and *People v Crawl,* 401 Mich 1; 256 NW2d 86 (1977).

Hence, the trial court did not err in entering second-degree murder convictions against the defendants.

Defendants next contend that the trial judge was biased and should have been disqualified from resentencing defendants.

An actual showing of personal prejudice is required before a trial judge will be disqualified. *People v Lobsinger,* 64 Mich App 284; 235 NW2d 761 (1975).

Defendants base this claim upon statements made by the judge after defendants' convictions for first-degree murder had been overturned by this Court. The judge was quoted by a local newspaper as saying that the reversals were "hard to take". Defendants argue that these comments, coupled with the duration of the prison terms imposed upon them (100 to 150 years), indicate that the judge was biased and unable to fairly sentence the defendants on remand.

The trial judge stated that he was not biased against defendants due to their success on appeal. He also indicated at the first trial and at the resentencing that the crimes of which defendants

were convicted were some of the most horrible criminal acts he had ever been exposed to.

It should also be noted that a codefendant who pled guilty and turned state's evidence received 75 to 125 years in prison. The disparity between defendants' sentences and that of the codefendant can be readily explained by the fact that he cooperated with the police.

The record reveals no showing of bias on the part of the trial judge. Accordingly, we find no error in respect to this issue.

Defendants next contend that the trial court erred in failing to grant defendants' motion for change of venue.

A motion for a change in venue is addressed to the sound discretion of the trial court, and error will be found only where there is a showing of abuse of discretion. *People v Anderson,* 62 Mich App 475, 484; 233 NW2d 620 (1975), *People v Stockard,* 48 Mich App 680, 684; 211 NW2d 62 (1973), *aff'd,* 391 Mich 481 (1974), *People v Garland,* 44 Mich App 243, 248–250; 205 NW2d 195 (1972), *rev'd on other grounds,* 393 Mich 215 (1974), *People v Collins,* 43 Mich App 259, 262–263; 204 NW2d 290 (1972), *lv den,* 391 Mich 798 (1974).

A review of the record reveals no such abuse of discretion in the instant case.

Defendants finally contend that the trial court erred in failing to allow their respective appellate attorneys to review the presentence report used by the trial court when it resentenced the defendants for second-degree murder.

We disagree. Defendants' respective attorneys were present at sentencing and made no request to examine the presentence report. No motions were filed with the trial court concerning the presentence report before appeal as required by the

*Guilty Plea Cases,* 395 Mich 96, 137; 235 NW2d 132 (1975):

"In *Simpson* and *Cotton* [two defendants in *Guilty Plea Cases],* the defendants assert that the judge considered inaccurate information in sentencing them. Such claims should, *before appeal,* first be presented to the trial court by motion to vacate sentence, supported by appropriate affidavits indicating that the sentencing judge had before him and may have considered inaccurate information. Upon such a showing, the sentencing court shall hear the defendant's claims and shall make such disposition, including vacation of sentence and resentencing, as may be warranted." (Emphasis supplied.)

Therefore, defendants have failed to properly preserve this issue for our consideration on appeal.

Affirmed.