Cavanagh, J.
(concurring).
This Court granted leave to appeal to determine whether MCL 768.32 permits a manslaughter instruction when a defendant has been charged with murder. Because the majority has misinterpreted MCL 768.32, I must respectfully dissent from its analysis, though I concur in its result.
The majority applies obiter dictum from People v Cornell, 466 Mich 335; 646 NW2d 127 (2002), to hold that an “inferior” offense, as articulated by the Legislature in 1846, is limited to a necessarily included *549 lesser offense.[1]
[2]Wlúle I agree that manslaughter is an offense inferior to and necessarily included within the crime of murder, I do not agree that this Court should limit instructions authorized by MCL 768.32 to only those that are necessarily included in the charged offense. Rather, I would hold that, when requested, a jury may be instructed on lesser or “inferior” offenses of the crime charged, if those offenses are supported by the evidence.
i
The proper scope of MCL 768.32 presents a question of statutory interpretation, which we review de novo. In re MCI, 460 Mich 396, 413; 596 NW2d 164 (1999).
ii
The relevant portion of MCL 768.32 now provides:
(1) Except as provided in subsection (2), upon an indictment for an offense, consisting of different degrees, as prescribed in this chapter, the jury, or the judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment and may find the accused person guilty of a degree of that offense inferior to that charged in the indictment, or of an attempt to commit that offense.[2]
*550 Relying on established doctrines of interpretation, one cannot disagree that the first step in discerning legislative intent requires review of the statutory text adopted by the Legislature. House Speaker v State Administrative Bd, 441 Mich 547, 567; 495 NW2d 539 (1993). See also MCL 8.3a (“All words and phrases shall be construed and understood according to the common and approved usage of the language . . . .”). If unambiguous, the Legislature will be presumed to have intended the meaning expressed. Lorencz v Ford Motor Co, 439 Mich 370, 376; 483 NW2d 844 (1992). We often refer to the dictionary to discern a statute’s plain meaning. See Wayne Co Prosecuting Attorney v Levenburg & Richmond, 406 Mich 455, 465-466; 280 NW2d 810 (1979) (dictionaries provide plain meaning). The dispositive issue presented for review is the scope of the term “inferior,” which may be defined as follows:
Inferior. 1. Lower in place. 2. Lower in station, age, or rank in life. 3. Lower in excellence or value; as a poem of inferior merit. 4. Subordinate; of less importance. [American Dictionary of the English Language, Noah Webster, Vol. 1, (originally published 1828, reprinted 1970).[3]]
*551 This definition has changed little since the nineteenth century, and the meaning of an offense “inferior” to another continues to suggest a lower offense, or one that is somehow less than the charged crime.[4] Applied here, this interpretation supports a “lesser offense” approach.
In spite of this textual evidence, the majority would prefer to adopt a “necessarily included lesser offense” interpretation, assigning a meaning to “inferior” that is contrary to its everyday usage, while providing no textual explanation for its narrow construction. Instead, the majority adopts its obiter dictum from Cornell and relies on several prudential (i.e., policy-based) reasons to reject an interpretation of “inferior” that conforms with its everyday usage.
Foremost among the majority’s rationale may be the alleged ease with which the necessarily included lesser offense framework may be applied. Cornell, supra. However, I cannot agree that the majority’s framework can be applied more simply than a “lesser offense” inquiry because each varies on the basis of the degree of specificity with which one reviews the elements of a crime. This Court, for example, has wavered on the precise issue presented here. In People v Van Wyck, 402 Mich 266; 262 NW2d 638 (1978), *552 this Court held that manslaughter was not a necessarily included lesser offense of murder:
The absence of mitigating circumstances need not be established in order to convict one of first- or second-degree murder. Consequently, it cannot be said that voluntary manslaughter is a necessarily included offense within the crime of murder; it is incorrect to state that it is impossible to commit first- or second-degree murder without having first committed manslaughter. [Id. at 269.]
As the majority correctly notes today, when viewed in general terms, “the only element distinguishing murder from manslaughter is malice.” Ante at 540. Hence, manslaughter is both an “inferior” and a necessarily included lesser offense of murder; the difference between Van Wyck and the Court’s decision today results from the degree of precision employed by the Court in its analysis of the elements of murder and manslaughter.
Instead of addressing such difficulties, the majority ignores this and similar inconsistencies. For example, although “felonious assault” is not strictly a necessarily included lesser offense of “assault with intent to do great bodily harm less than murder” because the former requires the use of a dangerous weapon, it is clearly an “inferior” charge as prescribed by any reasonable interpretation of the statute (i.e., “inferior”), yet the majority’s approach provides no means by which to recognize this relationship. Similarly troubling, the crime of “assault with intent to do great bodily harm” is plainly included within the crime of “assault with intent to murder,” but our Courts have held that different degrees of malice (i.e., intent to do great harm versus intent to murder) constitute cognate-not necessarily included-offenses. See, e.g., Peo *553 pie v Norwood, unpublished opinion per curiam of the Court of Appeals, issued March 20, 2001 (Docket No. 218207). In sum, the majority’s doctrine cannot logically provide the bright-line rule that it seeks, and its narrow construction is not supported by the text.
hi
Although, I do not dispute that the meaning of MCL 768.32 has been subject to debate lately,[5] the majority has recently acknowledged that, as early as 1869, this Court permitted convictions on “inferior” offenses:
[E]xtending to all cases in which the statute has substantially, or in effect, recognized and provided for the punishment of offenses of different grades, or degrees of enormity, wherever the charge for the higher grade includes a charge for the less. In this view only, can any effect be given to it, as declaratory of, or altering the common law. [Hanna v People, 19 Mich 316, 322 (1869).]
Before Cornell, this Court repeatedly affirmed this lesser offense approach,[6] in accord with the plain *554 meaning of the statute. In People v Jones, 395 Mich 379, 387; 236 NW2d 461 (1975), for example, this Court confirmed a case-by-case approach to inferior offense instructions, acknowledging that the strict, common-law rule, which had permitted lesser offense instructions only when necessarily included in the crime charged, had been replaced by a statute that authorized a broader range of convictions “inferior” to the crime charged. Although, the majority attempts to claim its holding has a historical foundation, it, in fact, usurps this Court’s longstanding interpretation, which accords with the statute’s plain meaning.
iv
The majority may claim I have done nothing but pine for the “cognate” or related-offense approach, which it expressly rejected in Cornell. To the degree that a “cognate” offense is “inferior” to the crime charged, I cannot disagree. I remain committed to the “lesser included offense” interpretation of “inferior” simply because it is best able to honor the statutory text, as noted above.
Further, it accords with the longstanding doctrine that requires courts to construe criminal statutes in favor of defendants. In United States v Wiltberger, 18 *555 US (5 Wheat) 76, 95; 5 L Ed 31 (1820), Chief Justice Marshall noted:
The rule that penal laws are to be construed strictly, is perhaps not much less old than construction itself. It is founded on the tenderness of the law for the rights of individuals; and on the plain principle that the power of punishment is vested in the legislative, not in the judicial department. It is the legislature, not the Court, which is to define a crime, and ordain its punishment.
See also People v Webb, 127 Mich 29, 32; 86 NW 406 (1901) (“Penal statutes must be strictly construed, and words used are to be given their popular, rather than a technical, meaning.”); Scalia, A Matter of Interpretation (Princeton, N.J.; Princeton University Press, 1997), p 29 (“The rule of lenity is almost as old as the common law itself, so I suppose that is validated by sheer antiquity.”) Its application here would give an accused the opportunity to request an instruction in conformity with defense theories, when supported by the evidence.
v
As noted, this Court today unanimously affirms that a defendant facing a murder charge may request a manslaughter instruction if supported by the evidence. However, nothing in the record would support an involuntary-manslaughter conviction in this case, which requires a finding of death, caused by an act of defendant, with gross negligence. People v Datema, 448 Mich 585, 610-613; 533 NW2d 272 (1995) (Cavanagh, J., dissenting). Defendant’s statement to the police suggests only that he attempted to prevent the alleged gunman from shooting his friend. On the *556 facts presented, if the jury did not believe defendant was culpable of murder beyond a reasonable doubt, the only reasonable alternative was acquittal because defendant’s statement to police indicated an attempt to save the life of another. People v Heflin, 434 Mich 482, 554 n 10; 456 NW2d 10 (1990) (Levin, J., dissenting) (noting that the defense of another may justify homicide). To permit a manslaughter conviction on the evidence presented would result in a conviction against the great weight of the evidence. Therefore, I agree that the Court of Appeals opinion should be vacated and that defendant’s conviction should be affirmed.
VI
Because the majority has adopted an interpretation of MCL 768.32 contrary to its plain text and our long-settled rules of statutory construction, I cannot join its rationale. However, because I agree that manslaughter is an offense “inferior” to murder, and because the evidence does not support a manslaughter instruction, I concur in the result only.
Kelly, J., concurred with Cavanagh, J.

 MCL 768.32, formerly codified as tit XXX, ch 161, § 16, Rev Stat of 1846.

 The current subsection 2 refers to controlled-substance provisions. The original statute provided:
Upon an indictment for any offence, consisting of different degrees, as prescribed in this title, the jury may find the accused not guilty of the offence in the degree charged in the indictment, and may find such accused person guilty of any degree of such *550 offence, inferior to that charged in the indictment, or of an attempt to commit such offence. [Rev Stat of 1846, tit XXX, ch 161, § 16.]

 See also:
Inferior. Is usually employed in law to designate the lower of two grades of authority, jurisdiction, or power. [Dictionary of Terms and Phrases used in American or English Jurisprudence, Vol 1, p 603 (1879).]
Inferior. 1. Lower in position; situated below ... 3. Lower in degree, rank, importance, quality, amount, or other respect; of less value or consideration; lesser; subordinate. With to = lower than, less than, not so good or great as; unequal to ... . [Oxford English Dictionary (2d ed).]
*551 Inferior. . . 3. Lower in degree, rank, importance, quality, amount, or other respect; of less value or consideration . . . b. with to = lower than, less than, not so good or great as; unequal to. [A New English Dictionary on Historical Principles, Murray, Oxford (1901, originally published 1888).]

 Inferior. adj. 1. Situated under or beneath. 2. Low or lower in order, degree, or rank. 3. Low or lower in quality, status, or estimation. [American Heritage Dictionary of the English Language, New College Edition (1981).]

 Cornell, supra (noting in dicta that MCL 768.32 limits instructions to necessarily included lesser offenses and overruling, inter alia, People v Jones, 395 Mich 379; 236 NW2d 461 [1975], People v Chamblis, 395 Mich 408; 236 NW2d 473 [1975]).

 See also People v Andrus, 331 Mich 535; 50 NW2d 310 (1951) (noting this Court’s treatment of MCL 768.32, which permits an instruction on lesser offenses when supported by the evidence); People v Jones, 273 Mich 430; 263 NW 417 (1935) (holding that the court erred so as to require reversal when it affirmatively excluded a lesser offense from the jury’s consideration); People v Abbott, 97 Mich 484; 56 NW 862 (1893) (reversing where the court failed to instruct the jury on a lesser included offense); People v Courier, 79 Mich 366; 44 NW 571 (1890) (refusing the defendant’s request for a new trial where the court did provide the juiy with a lesser included rape offense instruction); People v Prague, 72 Mich 178; 40 NW 243 (1888) (“The crime of an assault with intent to commit the crime of murder is one of a higher grade and greater enormity than the crime of assault with intent to do great bodily harm less than the crime of murder. *554 It belongs to the catalogue of offenses against the lives and persons of individuals, and we think the charge was authorized by the opinion of this Court in Hanna . . . People v Warner, 53 Mich 78; 18 NW 568 (1884) (a conviction for simple assault may be had on any information charging assault on an officer and resisting arrest); Campbell v People, 34 Mich 351 (1876) (“. . . under an indictment charging a specific offense it was competent for the jury to find the respondent guilty of a lesser offense included in it. The lesser offense of felonious assault is necessarily included in the offense of rape; the completed offense being the aggravation of the criminal assault.”).