# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
September 10, 2015

v

NATALIE HASSAN,

Defendant-Appellant.

No. 320048
Wayne Circuit Court
LC No. 12-005233-FC

Before: MURPHY, P.J., and STEPHENS and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right from her jury trial convictions of reckless driving, MCL 257.626(3), felonious assault, MCL 750.82, failure to stay at the scene of an accident that results in serious impairment of a body function or death, MCL 257.617(2), and failure to stay at the scene of an accident that results in injury to any individual, MCL 257.617a(2).[1] Defendant was sentenced as a second habitual offender, MCL 769.10, to 47 months to 7½ years' imprisonment for the reckless driving and failure to stay at the scene of an accident that results in serious impairment of a body function or death convictions, three to six years' imprisonment for the felonious assault conviction, and time served for the failure to stay at the scene of an accident that results in injury to any individual conviction. We affirm.

## I. FACTS

This case arises out of an altercation between defendant and complainants, Hanan Achkar and Nancy Faraj. On April 18, 2012, Sarah Carnacchi, who was close friends with Achkar, drove to a beauty store with Achkar where the two saw defendant. Achkar became angry and told Carnacchi that she had problems with defendant. Achkar then decided to follow defendant, who was driving a silver car, to a condominium complex. At the complex, Achkar and defendant parked their cars and exited their vehicles. According to Carnacchi, Achkar and

---

[1] The jury acquitted defendant of assault with intent to murder and assault with intent to do great bodily harm less than murder with respect to complainant Hanan Achkar, and found defendant guilty of the lesser included offense of felonious assault. The jury acquitted defendant of felonious assault with respect to complainant Nancy Faraj.

-1-

defendant got into a physical alteration that included hair pulling, smacking, and punches. Faraj testified that she saw the fight from her apartment and went outside to intervene. Faraj pulled Achkar off of defendant while two men, who are cousins both named Ahmad Hazime,[2] pulled defendant away. Carnacchi testified that once free, defendant got back into her car. Defendant testified that she locked her doors and rolled up her windows. According to defendant, Achkar began banging and scratching at her car, so she reversed the car. Defendant said she then put the car in drive, and as she tried to get away, Achkar "came back launching at the hood of the car."

Carnacchi testified that once defendant was in her car, she slightly reversed, then accelerated forward while veering to the right and hit Achkar, who fell to the ground on impact. Faraj testified that defendant put her car in reverse, backed up, then turned the wheel to the right and drove forward full speed toward Achkar. Faraj said that after defendant hit Achkar, she backed up and hit Faraj, pinning her against Achkar's vehicle. According to Faraj, before defendant drove forward to hit Achkar, there was nothing behind defendant's car to prevent her from backing up and driving away. Hazime I testified that after defendant got into her car, she reversed, then "pulled off" and hit Achkar. Laura Sarna, a neighbor, testified that she saw defendant's car back up, "kind of tur[n] to the right," and drive "straight into an individual." Sarna did not see anything behind defendant's vehicle when she was backing up. Denise Braxton-White, another neighbor, testified that she saw defendant's car turn toward the right and drive right into a woman. Braxton-White explained that the vehicle then backed up and hit another girl who was behind it. Braxton-White said the vehicle then drove away quickly. Achkar sustained severe head and abdominal injuries as a result of the incident.

## II. ANALYSIS

### A. JURY INSTRUCTIONS

Defendant first contends that the trial court erred in refusing to instruct the jury on the affirmative defense of duress. We disagree.

"Claims of instructional error are generally reviewed de novo by this Court, but the trial court's determination that a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion." *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007). "[I]f an applicable instruction was not given, the defendant bears the burden of establishing that the trial court's failure to give the requested instruction resulted in a miscarriage of justice." *People v McKinney*, 258 Mich App 157, 163; 670 NW2d 254 (2003). Reversal for failing to provide a jury instruction is unwarranted unless it is more probable than not that the error affected the outcome of the case. *Id.*

"To be entitled to an instruction on an affirmative defense, such as duress, a defendant asserting the defense must produce some evidence from which the jury can conclude that the

---

[2] To avoid confusion, we refer to the younger Hazime as "Hazime I" and the older Hazime as "Hazime II."

essential elements of the defense are present." *People v Henderson*, 306 Mich App 1, 4; 854 NW2d 234 (2014). The elements of duress are as follows:

> A) The threatening conduct was sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm;
>
> B) The conduct in fact caused such fear of death or serious bodily harm in the mind of the defendant;
>
> C) The fear or duress was operating upon the mind of the defendant at the time of the alleged act; and
>
> D) The defendant committed the act to avoid the threatened harm. [*Henderson*, 306 Mich App at 4-5.]

To demonstrate duress, evidence of a threat of future conduct is insufficient; rather, the threatened conduct must be imminent and impending. *Id.* at 5. A defendant forfeits the defense of duress if he or she "does not take advantage of a reasonable opportunity to escape," or if the actor "fails to terminate his conduct" when the claimed duress loses its coercive force. *People v Lemons*, 454 Mich 234, 247 n 18; 562 NW2d 447 (1997) (citation and quotation marks omitted).

In this case, there was no evidence demonstrating a threat sufficient to create a fear of death or serious bodily harm in the mind of a reasonable person. See *Henderson*, 306 Mich App at 4. Although Achkar initiated a physical fight with defendant, the fight was over by the time defendant got into her car. Carnacchi, Faraj, Hazime I, and Hazime II all testified that the fight ended before defendant got into her car. Defendant testified that once she entered her car, she locked the doors and rolled up her windows. Although defendant testified that Achkar jumped at the hood of her car and began scratching and banging on it, these actions would not put a reasonable person in fear of death or serious bodily harm, especially considering that defendant's car doors were locked and her windows were rolled up.

There was also no evidence that defendant feared death or serious bodily harm. See *Henderson*, 306 Mich App at 4. Defendant testified that she was scared, but she never said that she feared for her life or feared that she was going to suffer serious bodily injury if she did not hit Achkar with her car. Moreover, there was no evidence that defendant committed the act to avoid a threatened harm. See *Henderson*, 306 Mich App at 5. Defendant testified that she did not intentionally hit Achkar, but rather that Achkar jumped in front of her car as she tried to drive away. Defendant's own testimony is inconsistent with the position that she committed the act of hitting Achkar to avoid a threatened harm. The prosecutor also presented evidence that defendant could have driven away without hitting anyone, and so forfeited any right to a duress defense. See *Lemons*, 454 Mich at 247 n 18. Therefore, defendant did not present evidence demonstrating that a duress instruction was warranted.

## B. JUDICIAL BIAS

Defendant argues that she was denied a fair trial because the trial court was biased against her and her attorney. We disagree.

"When this Court reviews a decision on a motion to disqualify a judge, the trial court's findings of fact are reviewed for an abuse of discretion, while the application of the facts to the relevant law is reviewed de novo." *People v Wells*, 238 Mich App 383, 391; 605 NW2d 374 (1999). When reviewing a trial court's allegedly biased remarks, the remarks should be viewed in context and the record reviewed as a whole. *People v Gaines*, 306 Mich App 289, 314; 856 NW2d 222 (2014). A trial court's conduct or comments only require reversal if they " 'were of such a nature as to unduly influence the jury and thereby deprive the appellant of his right to a fair and impartial trial.' " *People v Conley*, 270 Mich App 301, 308; 715 NW2d 377 (2006), quoting *People v Collier*, 168 Mich App 687; 425 NW2d 118 (1988) (citations omitted).

"A trial court is presumed to be fair and impartial," so a defendant "has a heavy presumption of impartiality to overcome." *Gaines*, 306 Mich App at 313. "Absent deep-seated favoritism or antagonism making the exercise of fair judgment impossible, judicial rulings or opinions are not valid grounds for alleging bias." *Id*. In addition, "[c]omments that are critical of or hostile to counsel and the parties are generally not sufficient to pierce the veil of impartiality." *People v Jackson*, 292 Mich App 583, 598; 808 NW2d 541 (2011).

Defendant first argues that the trial court should have recused itself because one of its rulings in the case was reversed by this Court in a "scathing opinion."[3] However, the fact that a defendant successfully appealed a ruling by the trial court does not require disqualification on remand. *People v Page*, 83 Mich App 412, 419-420; 268 NW2d 666 (1978).

Defendant also claims that the trial court demonstrated bias by allowing Faraj to testify at trial about her purported relationship with defense counsel. Defendant claims that this testimony had minimal substantive value and was substantially prejudicial, so it should have been excluded under MRE 403. At trial, defense counsel never objected to Faraj's testimony on this ground. Consequently, defendant cannot now argue on appeal that the trial court should have excluded the evidence under MRE 403. *People v Douglas*, 496 Mich 557, 574; 852 NW2d 587 (2014). Further, judicial rulings are generally not valid grounds for alleging judicial bias. See *Gaines*, 306 Mich App at 313. In conclusion, defendant has failed to overcome the heavy presumption that the trial court was impartial.

## C. GREAT WEIGHT OF THE EVIDENCE

Finally, defendant asserts that her conviction for felonious assault was against the great weight of the evidence. We disagree.

This issue is unpreserved because defendant did not move for a new trial below. *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011). "We review unpreserved claims that the verdict was against the great weight of the evidence for plain error affecting the defendant's substantial rights." *People v Brantley*, 296 Mich App 546, 553; 823 NW2d 290 (2012). To demonstrate plain error affecting substantial rights, a defendant "bears the burden to show that

---

[3] See *People v Hassan*, unpublished opinion per curiam of the Court of Appeals, issued July 30, 2013 (Docket No. 312162).

(1) an error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error prejudiced substantial rights, i.e., the error affected the outcome of the lower court proceedings." *People v Cameron*, 291 Mich App 599, 618; 806 NW2d 371 (2011).

A party may obtain a new trial when the verdict is "against the great weight of the evidence or contrary to law." MCR 2.611(A)(1)(e). However, a new trial should only be granted on this basis when "the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result." *Brantley*, 296 Mich App at 553 (citation and quotation marks omitted). Conflicting testimony does not warrant a reversal unless it contradicts undisputed physical facts or the witness was so far impeached that the testimony lost all probative value. *People v Roper*, 286 Mich App 77, 89; 777 NW2d 483 (2009).

MCL 750.82 provides that "a person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder is guilty of a felony." "The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). A battery is "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *People v Henry (After Remand)*, 305 Mich App 127, 143; 854 NW2d 114 (2014) (citation and quotation marks omitted).

In this case, sufficient evidence established that defendant committed an assault. Several witnesses testified that defendant hit Achkar with her car. Carnacchi testified that defendant accelerated forward and hit Achkar. Faraj testified that defendant put her car in reverse, backed up, turned her wheel to the right, and then drove full speed toward Achkar. Hazime I said that he saw defendant hit Achkar, although he did not know how it happened. Sarna said that she saw defendant's car drive "straight into an individual." Braxton-White testified that she saw defendant's car turn to the right and drive right into a woman.

Evidence also showed that defendant committed the assault with a dangerous weapon. An object that is not "per se" dangerous can constitute a dangerous weapon if it is capable of inflicting serious injury and a defendant uses it to accomplish an assault. *People v Goolsby*, 284 Mich 375, 378; 279 NW 867 (1938). An automobile can be a dangerous weapon when used to commit an assault, given it is capable of inflicting serious injury. *People v Sheets*, 138 Mich App 794, 799; 360 NW2d 301 (1984). Several witnesses testified that defendant drove her car into Achkar, causing Achkar to fall to the ground. Accordingly, the evidence demonstrated that defendant used the car as a dangerous weapon to commit an assault.

Defendant argues that there was no evidence that she intended to assault Achkar. Minimal circumstantial evidence is necessary to prove a defendant's intent. *People v Ericksen*, 288 Mich App 192, 196-197; 793 NW2d 120 (2010). A defendant's intent can also be inferred from facts like the nature, extent, and location of injury. *Id.* at 196. In this case, several witnesses testified that defendant had to turn her wheel to the right to hit Achkar. Carnacchi testified that defendant veered to the right to hit Achkar. Faraj said that defendant reversed and then turned her wheel to the right before driving "full speed" toward Achkar. Sarna and Braxton-White both testified that defendant's car turned toward the right before driving into the

-5-

victim. This evidence demonstrates that defendant intended, or made the conscious decision, to hit Achkar with her car.

The extent of Achkar's injuries also demonstrates that defendant intended to injure Achkar. See *Ericksen*, 288 Mich App at 196. Achkar sustained a fractured skull, a subdural hematoma, or blood clot on the brain, and an abdominal injury from being hit by defendant's car. Dr. Tejpaul Pannu explained that the crack in Achkar's skull and the injuries to her abdomen indicated that she sustained blunt force trauma.

Defendant argues that she did not intend to hit Achkar, but was merely scared and trying to get away. However, the prosecutor presented evidence that defendant could have driven away without hitting anyone. Faraj testified that there was nothing behind defendant's car preventing her from backing up and driving away. To the extent that defendant's testimony conflicted with the testimony of Faraj, such conflict is not enough to grant a new trial. See *People v Lacalamita*, 286 Mich App 467, 470; 780 NW2d 311 (2009). Therefore, we conclude that the jury's verdict was not against the great weight of the evidence.

Affirmed.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola