PEOPLE v FOLKES

1. CRIMINAL LAW—AIDERS AND ABETTORS—PRINCIPALS—HIGHER OF-
   FENSES—LOWER OFFENSES.

   An aider or abettor may be convicted of an offense lower in
   degree than the offense of which the principal is convicted.

2. CRIMINAL LAW—EVIDENCE—WEIGHT OF EVIDENCE—JURY—APPEAL
   AND ERROR.

   Weighing the evidence is a function of the jury, not a function of
   a reviewing court.

3. HOMICIDE—MURDER—FIRST-DEGREE MURDER.

   First-degree murder consists of the killing of a human being with
   malice aforethought and premeditation or deliberation, and
   without certain mitigating circumstances.

4. CRIMINAL LAW—NEW TRIAL—APPEAL AND ERROR.

   A defendant who desires reversal or a new trial because of a
   failure to produce a claimed res gestae witness must, before
   filing his brief on appeal, have moved the trial court for a new
   trial.

Appeal from Wayne, Roland L. Olzark, J. Sub-
mitted June 10, 1976, at Detroit. (Docket No.
24012.) Decided September 7, 1976. Leave to ap-
peal denied, 399 Mich 805.

Jimmie Folkes was convicted of first-degree mur-
der. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle* and *Ed-*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 128.
[2] 30 Am Jur 2d, Evidence § 1080 *et seq.*
[3] 40 Am Jur 2d, Homicide §§ 44–52.
[4] 29 Am Jur 2d, Evidence §§ 708, 713.

*ward Reilly Wilson,* Research, Training, and Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Campbell & Plachta,* for defendant.

Before: J. H. GILLIS, P. J., and T. M. BURNS and W. VAN VALKENBURG,* JJ.

T. M. BURNS, J. Defendant was charged with first-degree murder, MCLA 750.316; MSA 28.548. A codefendant, Milton Perry, was charged with the same crime as an alleged aider and abettor, MCLA 767.39; MSA 28.979. After a trial by jury, defendant was convicted of first-degree murder; Perry was convicted of manslaughter. Defendant appeals.

Most of the evidence presented at trial consisted of the testimony of an eyewitness, Herbert Oden. Mr. Oden testified that on November 19, 1974, he was in a pool hall in Ecorse. Also present in the pool hall were Charles Moore, the deceased, and several other persons.

Codefendant Perry entered the pool hall and asked Oden if Moore was there. After Oden pointed him out, Moore was approached by Perry and the two conversed. Moore and Perry went out the front door to an automobile where the defendant was waiting. A few moments after the two left the pool hall, Oden also went out the front door and observed Perry and Folkes assaulting Moore. Both men were punching Moore and one had an unidentified object in his hand. Oden returned to the pool hall and two or three minutes later stepped out the back door. There he saw defendant firing a shot into Moore's body at a distance of

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

about two or three feet. Defendant then turned and shot at Oden, narrowly missing him. Oden fled from the scene.

Other witnesses testified that Moore's body was discovered near the front door of the pool hall. Two spent shell casings and one live cartridge were found near the body.

The medical examiner testified that death resulted from three bullet wounds, all entering from the back, but that death was not instantaneous.

Oden did not tell the police what he saw until several days later, after he had been questioned by the police.

On appeal defendant raises three issues.

## VALIDITY OF FIRST-DEGREE MURDER CONVICTION

Defendant argues that the jury verdict was void because he was convicted of a higher offense than his aider and abettor. The jury returned a verdict of guilty of manslaughter against Perry and first-degree murder against the defendant. Defendant contends that the jury is bound to return the same verdict against the aider and abettor as that which is returned against the principal.

Defendant's argument is based upon the aiding and abetting statute, MCLA 767.39; MSA 28.979, which provides that one who aids or abets in the commission of an offense may be charged, tried and punished in the same manner as the person who directly commits the offense. It does not provide that an aider and abettor must be convicted of the same crime as the principal.

"[I]t was clearly recognized even in the time of Lord Hale that two who *jointly* kill a third may have different degrees of guilt, because one may act with malice aforethought and the other without. And as previously

mentioned an abettor may be convicted of either a higher or a lower degree of guilt than the perpetrator." (Footnotes omitted.) Perkins on Criminal Law (2d ed, 1969), p 675.

While the courts are not as unanimous in following this rule as Professor Perkins intimates,[1] the better rule is that an aider and abettor can be convicted of an offense lower in degree than the offense of which the principal is convicted.[2] It is reasoned that the guilt of the aider and abettor may depend upon his own actions, intent and state of mind rather than those of the principal. *State v Lord,* 42 NM 638; 84 P2d 80 (1938), *Red v State,* 39 Tex Cr R 667; 47 SW 1003 (1898). The evidence in a case might indicate, for example, that the aider and abettor assisted the principal in a homicide out of the heat of passion, in which case separate verdicts of murder and manslaughter might be rendered. In just such a case, it was held that "the rule that the two principals are equally guilty is [not] so inflexible that a jury might not find them guilty of different degrees of crime even though they are tried jointly". *People v Blackwood,* 35 Cal App 2d 728, 733; 96 P2d 982, 985 (1939). But even where the evidence does not reveal substantial differences in the actions or states of mind of the defendants, an aider and abettor can properly be convicted of a lesser crime than the perpetrator. In *People v Finch,* 213 Cal App 2d 752, 777; 29 Cal Rptr 420, 435 (1963), the court quoted from *People*

[1] *See* 22 CJS, Criminal Law, § 106, pp 297–298.

[2] *See, e.g., United States v Paszek,* 432 F2d 780 (CA 9, 1970), *cert den* 402 US 911; 91 S Ct 1389; 28 L Ed 2d 652 (1971), *People v Braun,* 29 Cal App 3d 949; 106 Cal Rptr 56 (1973), *Oaks v People,* 161 Colo 561; 424 P2d 115 (1967), *People v Blackwood,* 35 Cal App 2d 728; 96 P2d 982 (1939), *Speer v State,* 52 Ga App 209; 182 SE 824 (1935), *Fleming v State,* 142 Miss 872; 108 So 143 (1926), *Red v State,* 39 Tex Cr R 667; 47 SW 1003 (1898).

*v Powell,* 34 Cal 2d 196; 208 P2d 974 (1949), in explaining such a result:

> " 'It cannot be doubted that a trier of fact has and often exercises the *power,* because of obvious extralegal factors or for no apparent reason, to find a defendant guilty of a lesser degree or class of crime than that shown by the evidence.' "

Perhaps better expressing the point is the reasoning of another court, quoted with approval in *People v Chamblis,* 395 Mich 408, 421; 236 NW2d 473 (1975):

> " 'It is the policy of the law to allow juries a latitude which is not hemmed in by absolute logic. Many considerations enter into a jury's verdict which cannot be itemized and weighted in a chart of legal instruction. A jury is expected to stay within the bounds of reason, yet they may indulge tender mercies even to the point of acquitting the plainly guilty. Similarly they may, on almost any excuse, convict of a lower degree of crime although conviction of a higher degree is clearly warranted.' *People v Clemente,* 285 App Div 258, 264; 136 NYS2d 202, 207 (1954)."

In the instant case it is conceivable that the jury refused to convict Perry of first-degree murder since the evidence tended to indicate that he was not involved in the actual shooting of the decedent. Whatever the reason, though, finding Perry guilty of manslaughter while finding the defendant guilty of murder was within the power of the jury. We find no error in the verdict.

## SUFFICIENCY OF THE EVIDENCE

Defendant argues that first-degree murder was not sufficiently proven because of evidentiary in-

consistencies and the questionable nature of the eyewitness's testimony.

It appears that the defendant challenges the weight of the evidence more than its sufficiency, but weighing the evidence is the function of the jury, not a reviewing court.

Upon examination of the record, we find that sufficient evidence was presented at trial to find defendant guilty beyond a reasonable doubt of first-degree murder.

First-degree murder consists of the killing of a human being with malice aforethought and premeditation or deliberation, and without certain mitigating circumstances. *People v Morrin,* 31 Mich App 301; 187 NW2d 434 (1971). Defendant and his companion were seen assaulting Moore. A few minutes later defendant was observed firing a gun at Moore, and Moore was found dead of gunshot wounds. From the testimony of the eyewitness and the medical examiner evidence was presented on every element of the crime charged. From the evidence the jury could properly find defendant guilty of first-degree murder.

We do not discuss the remaining issue concerning alleged res gestae witnesses. Defendant failed to move the trial court for a new trial either during or after trial. *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973). We find no manifest injustice in the record as, indeed, no reversible error is evident.

Affirmed.