PEOPLE v OWENS

CRIMINAL LAW—DISCOVERY—DISCOVERY ORDER—NONCOMPLIANCE
    WITH DISCOVERY ORDER—EXPENSES OF DISCOVERY—DISMISSAL OF
    CHARGES.

> A trial judge possesses the power to dismiss criminal charges
> against a defendant where the prosecution has wilfully diso-
> beyed the trial judge's proper discovery order; therefore, dis-
> missal of criminal charges against a defendant was a proper
> remedy for a prosecutor's wilful failure to comply with a trial
> judge's discovery order where (1) the prosecutor's office refused
> to bear the cost of the discovery as ordered by the judge, and (2)
> the expense involved to the prosecutor's office for the required
> reproduction of materials was miniscule.

Appeal from Recorder's Court of Detroit, Henry Heading, J. Submitted December 17, 1976, at Detroit. (Docket No. 27727.) Decided March 3, 1977. Leave to appeal applied for.

Wilmer D. Owens was charged with carrying a concealed weapon. Charges were dismissed. The people appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Stephen H. Boak,* Assistant Prosecuting Attorney, Director, Prosecutor's Repeat Offenders Bureau, and *Raymond P. Walsh,* Assistant Prosecuting Attorney, for the people.

*Gage, Burgess & Burgess,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
21 Am Jur 2d, Criminal Law §§ 516, 517.
24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 6, 8, 48.

Before: R. M. MAHER, P. J., and V. J. BRENNAN and N. J. KAUFMAN, JJ.

PER CURIAM. This case confronts us with the delicate task of determining whether, under the facts herein, the trial judge could properly dismiss the charges against the defendant for carrying a concealed weapon, MCLA 750.227; MSA 28.424, because of the prosecutor's failure to comply with a pretrial discovery order.

The facts herein are not in dispute. Shortly after defendant's preliminary examination, the trial judge expressed his desire to proceed speedily with defendant's trial. This was due to the judge's concern with the defendant's unstable mental condition and the probable further deterioration of it while incarcerated in the Wayne County jail.

On January 23, 1976, the trial judge heard two motions proffered by the defendant. The first motion, which sought dismissal of the case, was denied. However, the second one, for discovery, was granted. The trial judge signed an order of discovery which included the following:

"IT IS FURTHER ORDERED that the costs for the production of the materials hereinbefore designated be borne by the People of the State of Michigan."

The prosecutor did not carry out the discovery order. It was his position that, while the defendant was entitled to the materials included therein, the cost of duplicating the materials should not be borne by the prosecutor's office; therefore, his office need not comply with the judge's order. Obviously, the trial judge did not agree with this reasoning. With commendable candor, the prosecutor at oral argument informed us that the trial judge offered him either dismissal of this case or a

citation for contempt of court for this disobedience. He chose dismissal. Accordingly, the trial judge dismissed the case. From this decision, the prosecutor appeals.

The prosecutor poses the question before us on appeal as turning on our resolution of the trial judge's ordering the prosecutor to bear the expense of compliance with the discovery order. To bolster this assertion, our attention is directed to Detroit Recorder's Court Rule 21, § 2, which reads:

"Discovery of Documents and Exhibits. Upon Motion of a defendant at any time after the filing of the Information and upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable, the Court may order the prosecution to permit the defendant to inspect and copy or photograph designated papers, documents, transcriptions, recordings or tangible objects in the possession of the prosecution or the police and not intended to be introduced or used by the prosecution at the trial."

The prosecutor concludes that this rule shows that the cost of discovery must fall on the defendant, an indigent.

In reviewing this dismissal, we must be deeply mindful of the responsibilities placed upon the trial judge to ensure the proper and expeditious administration of justice. On the other hand, we must respect the ability of the prosecutor's office to protest what they believe to be a forced and unauthorized expenditure out of their limited budget.

Consideration of the circumstances herein, shows us that the prosecutor misconceives the precise focus of this appeal. It cannot be, nor is it, disputed that the matters covered by the order were discoverable. Nor can it be doubted that the trial judge can order the prosecutor to make copies

of this material. Thus, the sole controversy in the court below related to who should accept the obligation of the miniscule cost of reproduction. Does a controversy over such a trivial cost, which constitutes only a minor portion of an otherwise proper discovery order, justify the wilful failure of the prosecutor to comply with the trial judge's order thus depriving the defendant of his right to proceed without undue delay to trial? We think not.

In reaching our decision, we have given due regard to the fact that we can foresee circumstances wherein much larger expenditures would be at issue. But we have concluded that under the circumstances herein, noncompliance was not justified. If the prosecutor had complied with the major portion of the order regarding production, we see nothing which would have precluded the prosecutor from seeking recovery of the expenses he would have incurred. This particular course of conduct would have allowed the proceedings in this particular case to proceed while the issue respecting costs is separately litigated.

Notwithstanding the foregoing, it is still argued that the judge was not empowered to dismiss this case. We disagree. It cannot be doubted that "discovery in a criminal trial is a rapidly developing area of the law".[1] Its ever-increasing importance requires that the trial judge not be straightjacketed in enforcing his proper discovery orders. We think the power to dismiss has a reasonable and proper office in the context of the power of the court to seek compliance with his discovery orders; and we are of the view that this power was not improperly used in the instant case. Accordingly, we affirm.

---

[1] *People v Aldridge,* 47 Mich App 639, 644; 209 NW2d 796 (1973). *See also People v Wimberly,* 384 Mich 62; 179 NW2d 623 (1970), and *People v Brocato,* 17 Mich App 277; 169 NW2d 483 (1969).