PEOPLE v VAN WYCK (ON REMAND)

Docket No. 78-1378 (formerly 20435). Submitted June 2, 1976, at Grand Rapids.—Decided May 25, 1978. Leave to appeal applied for.

Robert B. Van Wyck was charged with first-degree murder and was convicted in Kent Circuit Court, Roman J. Snow, J., of second-degree murder. The jury was instructed on first-degree and second-degree murder, but the trial court refused defendant's request for an instruction on manslaughter. Defendant appealed. The Court of Appeals in two prior decisions, *People v Van Wyck,* 72 Mich App 101; 249 NW2d 311 (1976), and *People v Van Wyck (On Rehearing),* 76 Mich App 17; 255 NW2d 754 (1977), reversed defendant's conviction and remanded for further proceedings. The people appealed to the Supreme Court by leave granted and that Court remanded to the Court of Appeals for a determination of whether the evidence adduced at trial would have been sufficient to support a jury verdict of guilty of the offense of manslaughter, *People v Van Wyck,* 402 Mich 266; 262 NW2d 638 (1978). On remand, *Held:*

The evidence adduced at trial was sufficient to support a jury verdict of guilty of the offense of manslaughter; therefore, refusal to give the requested manslaughter instruction was error.

Reversed and remanded for entry of a judgment of conviction of manslaughter and for resentencing or for a new trial on the charge of second-degree murder, if the prosecutor so elects.

1. HOMICIDE—MANSLAUGHTER—CRIMINAL LAW—LESSER INCLUDED OFFENSES—EVIDENCE—GUILTY VERDICT.

Manslaughter is not a necessarily included offense within the crime of murder, but it may nonetheless be an included offense if the evidence adduced at trial would support a verdict of guilty of manslaughter.

2. HOMICIDE—MANSLAUGHTER—CRIMINAL LAW—EVIDENCE—INSTRUCTIONS TO JURY—REMAND—PROSECUTOR'S DISCRETION—NEW TRIAL.

A conviction of second-degree murder in a trial in which the trial

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide § 7.
[2] 40 Am Jur 2d, Homicide §§ 525, 529, 530.

court had refused to instruct the jury, upon request, on voluntary manslaughter should be reversed and the matter remanded to the trial court where the evidence adduced at trial would have been sufficient to support a jury verdict of guilty of the offense of manslaughter; on remand, the trial court should enter a judgment of conviction of manslaughter and resentence the defendant or, upon election of the prosecutor, vacate the judgment of conviction and grant a new trial on the charge of second-degree murder.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Harold S. Sawyer,* Prosecuting Attorney, and *Craig S. Neckers,* Assistant Prosecuting Attorney, for the people.

*O'Toole, Stevens, Schuler, Johnson, Hipkiss, Piasecki & Knowlton,* for defendant.

Before: DANHOF, C. J., and D. E. HOLBROOK and D. L. MUNRO,* JJ.

## ON REMAND

PER CURIAM. In *People v Van Wyck,* 402 Mich 266; 262 NW2d 638 (1978), the Supreme Court, holding that manslaughter was not a necessarily included lesser offense of murder, reversed our prior decision in *People v Van Wyck,* 72 Mich App 101; 249 NW2d 311 (1976), and *People v Van Wyck (On Rehearing),* 76 Mich App 17; 255 NW2d 754 (1977), and remanded the case for our determination of "whether the evidence adduced at trial would have been sufficient to support a jury verdict of guilty of the offense of manslaughter".

The record contains slight but sufficient evidence to present a jury question. See *Maher v People,* 10 Mich 212, 221–224; 81 Am Dec 781 (1862), and *People v Holmes,* 111 Mich 364, 370; 69 NW 501 (1896).

* Circuit judge, sitting on the Court of Appeals by assignment.

While the record does not conclusively establish mitigating circumstances, it does not clearly establish a lack of passion unlike *People v Younger,* 380 Mich 678; 158 NW2d 493 (1968), and unlike *People v Bryant,* 70 Mich App 279, 285; 245 NW2d 716 (1976). We cannot say that "there is no evidence to find the existence of manslaughter". The people's case contained evidence from which a jury could have found provocation and the influence of passion even though such a finding would have been inconsistent with the apparent defense theory. See *People v John Willie Williams,* 26 Mich App 218, 221–225; 182 NW2d 347 (1970).

Because the evidence would have supported a conviction of manslaughter, we reverse the defendant's conviction and remand to the trial court for entry of a judgment of conviction of manslaughter and resentencing. However, if the prosecuting attorney is persuaded, in his discretion, that the ends of justice would be better served, upon notification to the trial court before resentencing, the trial court shall vacate the judgment of conviction and grant a new trial on the charge of second-degree murder.

Reversed and remanded.

D. L. MUNRO, J., did not participate.