## PEOPLE v KING

Docket No. 77-1690. Submitted November 13, 1979, at Detroit.—Decided June 16, 1980.

Michael King was charged with murder and was convicted of manslaughter and assault with intent to do great bodily harm less than murder, Recorder's Court of Detroit, Michael J. Connor, J. Defendant appeals, alleging, among other things, that the trial court erred by instructing the jury on manslaughter and that the prosecutor's failure to turn over a witness's statement pursuant to a discovery order was error. *Held:*

1. There was evidence from which the jury could have concluded that the circumstances of the killing created a reasonable provocation sufficient to negate malice. The instruction on manslaughter was, therefore, proper.

2. The prosecutor's violation of the discovery order requires reversal and remand for a new trial on both manslaughter and assault.

Reversed and remanded.

D. C. RILEY, J., concurred in part and dissented in part. She would hold that it was error to instruct the jury on manslaughter as there were no mitigating circumstances surrounding the defendant's actions to warrant reducing the murder charge to manslaughter. A retrial on the charge would violate the defendant's right against double jeopardy; therefore, the manslaugh-

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide §§ 42, 51, 438, 575.
[2, 3, 6] 40 Am Jur 2d, Homicide § 44 *et seq.*
[3] 40 Am Jur 2d, Homicide § 245 *et seq.*
[4, 5] 40 Am Jur 2d, Homicide §§ 498, 500.
[7] 40 Am Jur 2d, Homicide §§ 27 *et seq.,* 54 *et seq.,* 507.
[8] 40 Am Jur 2d, Homicide § 525 *et seq.*
[9] 40 Am Jur 2d, Homicide § 183 *et seq.*
[10] 63 Am Jur 2d, Prosecuting Attorneys § 27.
Right of accused in state courts to inspection or disclosure of evidence in possession of prosecution. 7 ALR3d 8.
Right of defendant in criminal case to inspection of statement of prosecution's witness for purpos of cross-examination or impeachment. 7 ALR3d 181.

ter conviction should be vacated. Suppression of the witness's statement in violation of the discovery order was error. The defendant should be offered a new trial on the assault charge.

OPINION OF THE COURT

1. HOMICIDE — MANSLAUGHTER — PROVOCATION — CRIMINAL LAW.

Provocation is not an element of voluntary manslaughter because there is no such thing as a "negative element" of an offense, and provocation negates malice and reduces a killing that would otherwise be murder to manslaughter.

2. HOMICIDE — MANSLAUGHTER — MURDER — LESSER INCLUDED OFFENSES — CRIMINAL LAW.

Voluntary manslaughter is not a necessarily included offense within the crime of murder; however, voluntary manslaughter may be a lesser included offense if the evidence presented at trial would support a verdict of guilty of voluntary manslaughter.

3. CRIMINAL LAW — EVIDENCE — JURY — LESSER INCLUDED OFFENSES.

A jury is free to disregard any of the evidence presented by the prosecution and may find a defendant guilty of any lesser included offense supported by the evidence and as to which the defendant had notice even where the jury could have found that the essential elements of the charged offense were proven beyond a reasonable doubt.

4. HOMICIDE — MANSLAUGHTER — MURDER — INSTRUCTIONS TO JURY — CRIMINAL LAW.

A trial court properly instructed the jury in a murder case on the offense of voluntary manslaughter where there was evidence from which the jury could have concluded that the circumstances of the killing created a provocation sufficient to negate malice.

5. CRIMINAL LAW — INSTRUCTIONS TO JURY — LESSER INCLUDED OFFENSES.

The prosecution, as well as the defense, has the option of precluding "all or nothing" verdict choices by requesting jury instructions on lesser included offenses as long as the defendant has fair notice of the inclusion of the lesser offense and inclusion of the lesser offense is supported by the evidence.

CONCURRENCE IN PART, DISSENT IN PART BY D. C. RILEY, J.

6. HOMICIDE — MURDER — MANSLAUGHTER — LESSER INCLUDED OFFENSES.

*Manslaughter is not necessarily a lesser included offense of murder; there must be sufficient proof adduced at trial to support a verdict of guilty of manslaughter.*

7. HOMICIDE — MANSLAUGHTER — AIDERS AND ABETTORS.

*Manslaughter is an intentional killing committed under passionate circumstances without malice and before tempers have had a chance to cool; an aider and abettor charged with manslaughter must be proven either to have shared that state of mind with the principal or to have participated in the criminal act with knowledge of the principal's intent.*

8. HOMICIDE — MURDER — MANSLAUGHTER — INSTRUCTIONS TO JURY.

*Instructing the jury, in a trial for murder, on the lesser offense of manslaughter was error where the facts show no mitigating circumstances surrounding the defendant's actions which would warrant reducing the murder charge to manslaughter.*

9. HOMICIDE — MURDER — MANSLAUGHTER — REMAND — DOUBLE JEOPARDY.

*Conviction of the lesser offense of manslaughter in a murder case operates as an acquittal of the greater offense of murder, therefore a remand for a retrial on a charge of manslaughter would violate the defendant's right not to be twice placed in jeopardy.*

10. CRIMINAL LAW — WITNESSES — PRETRIAL STATEMENTS — DISCOVERY.

*A prosecutor's suppression of a witness's pretrial statements that contradict statements made at trial and which would have been material to trial preparation is prejudicial, and if a judge has ordered that the pretrial statements be disclosed and the prosecutor has refused the charges against the defendant may be dismissed.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Michael R. Mueller,* Director, Prosecutor's Repeat Offenders Bureau, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Derrick A. Carter* and *Ronald J. Bretz,* Assistant

State Appellate Defenders, for defendant on appeal.

Before: BRONSON, P.J., and D. C. RILEY and E. A. QUINNELL,* JJ.

E. A. QUINNELL, J. We are all agreed that the evidence was sufficient to justify the binding over of the defendant for trial on the charge of first-degree murder and for the submission of that issue to the jury. We are also agreed that the trial court did not err by admitting the knife into evidence and are further agreed that the prosecutor's violation of the discovery order requires us to reverse the convictions and remand for a new trial. However, the majority votes to remand for a new trial on the manslaughter charge as well as the assault charge.

A. There was record evidence from which a rational jury could find beyond a reasonable doubt that the defendant participated in this killing with malice and with premeditation. Thus, as to first-degree murder, the requirements of *People v Hampton*, 407 Mich 354; 285 NW2d 284 (1979), have been met.

Analysis of voluntary manslaughter as a lesser included offense involves the application of somewhat different standards. The Supreme Court has wrestled with this concept previously.

"Part of the confusion concerning lesser included offenses appears to result from analysis which treats as positive elements of a crime such negative concepts as 'unarmed'. Considered in the context of lesser included offenses, 'unarmed' is the *absence* of the element of use of a weapon. It is not a distinct, separate element. Elements are, by definition, positive. A negative ele-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

ment of a crime is a contradiction in terms. Adding the description 'unarmed' to robbery adds nothing. 'Robbery' and 'unarmed robbery' are the same offense." *People v Chamblis*, 395 Mich 408, 424; 236 NW2d 473 (1975).

In *People v Doss*, 406 Mich 90, 96-99; 276 NW2d 9 (1979), the Supreme Court considered the meaning of "without malice" in involuntary manslaughter. The Court held that there is no such thing as a "negative element". The prosecution does not have to present proof of the absence of malice to establish the elements of involuntary manslaughter. The Court noted:

"While the absence of malice is fundamental to manslaughter in a general definitional sense, it is not an actual element of the crime itself which the people must establish beyond a reasonable doubt." *Doss, supra,* 99.

By the same reasoning, provocation is not an element of voluntary manslaughter; provocation negates malice and reduces a killing that would otherwise be murder to manslaughter. The Supreme Court discussed it in terms of reducing murder in *People v Townes*, 391 Mich 578, 589; 218 NW2d 136 (1974):

"It requires that a defendant be found to have had an intent to kill or an intent to do serious bodily harm to the deceased. To this extent the offense parallels the crime of murder; but, as noted above, it is distinguished from murder by an absence of malice. To reduce a homicide to voluntary manslaughter the fact finder must determine from an examination of all of the circumstances surrounding the killing that malice was negated by provocation and the homicide committed in the heat of passion. *People v Scott*, 6 Mich 287, 295 (1859)."

The Supreme Court's holding of voluntary manslaughter to be a cognate—rather than necessarily included—lesser offense of murder does not alter this analysis. The Court reasoned:

"The absence of mitigating circumstances need not be established in order to convict one of first- or second-degree murder. Consequently, it cannot be said that voluntary manslaughter is a necessarily included offense within the crime of murder; it is incorrect to state that it is impossible to commit first- or second-degree murder without having first committed manslaughter." *People v Van Wyck,* 402 Mich 266, 269; 262 NW2d 638 (1978).

Provocation, in its role in distinguishing manslaughter from murder, may be totally lacking in some cases. A homicide, for example, may be unquestionably murder, but the defendant may assert an alibi, in which case there would be no room for voluntary manslaughter as an included offense.

B. However, voluntary manslaughter may be a lesser included offense if the evidence presented at trial would have supported a verdict of guilty of voluntary manslaughter. *People v Van Wyck, supra, People v West,* 408 Mich 332; 291 NW2d 48 (1980). Moreover, a conviction for voluntary manslaughter does not necessarily require that the prosecution establish by credible evidence beyond a reasonable doubt that the defendant was provoked, for such a requirement would be inconsistent with the theory of lesser included offenses.

The underlying premise of lesser included offense analysis is that a jury is free to disregard any of the proof presented by the prosecution. *People v Chamblis, supra,* 419-425. Thus, in this case, the jury was perfectly within its proper

sphere in determining that the prosecution's proofs did not establish malice (or premeditation) because the defendant was provoked, despite strong prosecution proofs to the contrary.

C. Therefore, once the *Hampton, supra,* requirements had been met as to the charge of murder, permitting the jury to consider a lesser included offense of voluntary manslaughter must proceed under a *Chamblis* analysis, and such consideration requires only a modicum of evidence of provocation.

In *People v Van Wyck (On Remand),* 83 Mich App 581, 583, 582; 269 NW2d 233 (1978), this Court noted tersely: "While the record does not conclusively establish mitigating circumstances, it does not clearly establish a lack of passion", and "The record contains slight but sufficient evidence to present a jury question." The factual situation in *People v West, supra,* is also illustrative.

The record in the instant case also presented "slight but sufficient" evidence of provocation. Defendant King and his cohorts encountered the victim's group. There had been bad blood between codefendant Houston and Kevin White, the deceased. Knives were brandished at the first confrontation. After this subsided temporarily, White's group followed Houston's and were said to have been carrying bricks. Dogs belonging to White and Silver began barking at Houston's group and Houston threatened to stab the dogs. Silver then stated that although the dogs were not attack dogs, they would protect the family if needed. The fracas continued to escalate. Defendant King pointed a gun at Silver and demanded that he call off the dogs. Houston and White approached each other in the street, each carrying

a weapon. There seemed to be a momentary truce as White dropped his brick and Houston put away his knife. Silver then attempted to enter the fray; but defendant, still holding him at gunpoint, ordered him back. Houston then pulled his knife out again and stabbed White, inflicting the fatal blow on the second try. Houston then turned his attention to Silver and stabbed him. King then hit Silver in the eye with the gun. From this evidence of a gang confrontation escalating into a homicide, the jury could have concluded that the circumstances created a reasonable provocation sufficient to negate malice. See *Hurd v The People,* 25 Mich 405 (1872), *People v Milhem,* 350 Mich 497; 87 NW2d 151 (1957).

D. Defendant objected to the inclusion of voluntary manslaughter as a lesser offense; the prosecution requested the instruction. The prosecution, as well as the defendant, has the option of precluding "all or nothing" verdict choices as long as the inclusion of the lesser offense does not create notice problems and is supported by the evidence. *People v Chamblis, supra.*

Reversed and remanded for a new trial as to both manslaughter and assault with intent to do great bodily harm less than the crime of murder.

BRONSON, P.J., concurred.

D. C. RILEY, J. *(concurring in part; dissenting in part).* Defendant was convicted by a jury of manslaughter, in violation of MCL 750.321; MSA 28.553, and assault with intent to do great bodily harm less than murder, in violation of MCL 750.84; MSA 28.279. From a sentence of 5 to 15 years imprisonment for manslaughter and 5 to 10 years for assault, defendant appeals as of right.

Defendant poses four arguments on appeal, two

of which I believe are meritorious. It is first asserted that the trial court erred in instructing the jury on manslaughter. Manslaughter is not necessarily a lesser included offense of murder; there must be sufficient proof adduced at trial to support a guilty verdict on that charge. *People v Van Wyck*, 402 Mich 266, 268; 262 NW2d 638 (1978).

Manslaughter is defined as an intentional killing, committed under passionate circumstances without malice and before tempers have had a chance to cool. MCL 750.329; MSA 28.561, *People v Younger*, 380 Mich 678, 681; 158 NW2d 493 (1968). An aider and abettor who is charged with manslaughter, as is the instant defendant, must be proven either to have shared this state of mind with his principal or to have participated in the criminal act with knowledge of the principal's intent. *People v Tolbert*, 77 Mich App 162, 167; 258 NW2d 176 (1977).

There is evidence in the case *sub judice* to indicate that neither defendant nor the principal, Houston, possessed the state of mind necessary for manslaughter. Houston displayed a knife at the first confrontation with the victim's group. Then, after he was attacked by dogs belonging to the victim and his friends, Houston pulled out his knife once more, threatening to stab the dogs. When they were called off, Houston put away his knife, only to pull it out again a few minutes later and fatally stab the victim, White. There was testimony indicating that Houston then stated that he had planned to kill White for a long time.

I find no credible evidence to indicate any provocation of Houston that was not followed by a cooling off period. Thus, I believe it was error to instruct on manslaughter in Houston's case.

Since I conclude that Houston did not possess

the necessary criminal intent for manslaughter, defendant's manslaughter intent cannot depend on that of the principal, Houston. The evidence must then be examined to determine if defendant possessed the requisite intent on his own. See *People v Folkes,* 71 Mich App 95, 97-98; 246 NW2d 403 (1976). King aided in White's killing by holding would-be defenders at bay with a shotgun while Houston stabbed White. There were no mitigating circumstances surrounding his actions to warrant reducing the murder charge to manslaughter. Hence, I believe that it was reversible error to instruct the jury on the lesser included offense of manslaughter. See *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975).

To remedy this faulty instruction, there cannot be a reversal and remand for new trial. Conviction of the lesser offense, here manslaughter, operates as an acquittal on the greater offense, murder, so any retrial would violate defendant's double-jeopardy protection. See *People v Hilliker,* 29 Mich App 543; 185 NW2d 831 (1971). Therefore, I would advocate vacation of defendant's manslaughter conviction.

Defendant further asserts that there is reversible error based on the prosecutor's violation of a discovery order, specifically, failing to turn over a witness's statement. Both the majority and I agree with defendant's contention.

Discovery is becoming an increasingly important aspect of criminal trials. *People v Thornton,* 80 Mich App 746, 750; 265 NW2d 35 (1978), *People v Aldridge,* 47 Mich App 639, 644; 209 NW2d 796 (1973). To ensure the observance of discovery rules and to compel compliance with discovery orders, trial judges must be provided with tools of enforcement. See *People v Owens,* 74 Mich App 191; 253

NW2d 706 (1977). When a prosecutor has suppressed pretrial statements that contradict statements made at trial and which would have been material to trial preparation, nondisclosure must be considered prejudicial. *Thornton, supra,* 750-752. If a judge has ordered that these statements be turned over and a prosecutor has refused, the charges against the defendant may be dismissed. *Owens, supra.*

In the instant case, the witness's statement was material to defense preparation; therefore, it was error to suppress it contrary to the discovery order. Defendant must be afforded a new trial on the assault with intent to do great bodily harm less than murder charge.[1] The prosecutor should turn over the witness's statement prior to this new trial or else risk dismissal of the charges against the defendant.

Defendant's final two contentions need only be addressed briefly. Both the majority and I agree that there was sufficient evidence adduced to support the binding over of defendant for trial and the instructing of the jury on the charge of first-degree murder. See *People v Gill,* 43 Mich App 598, 603; 204 NW2d 699 (1972), *People v Poplar,* 20 Mich App 132, 136-137; 173 NW2d 732 (1969). Lastly, the trial court did not err in admitting into evidence a knife seized from the defendant, as it was relevant to the issue of defendant's intent. See *People v Ranes,* 58 Mich App 268, 271; 227 NW2d 312 (1975).

I would reverse in part and vacate in part.

---

[1] The discovery error is equally applicable to the manslaughter conviction, however, I believe that the protection against double jeopardy precludes any new trial on that charge.