850 F.2d 692
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gregory HOUSTON, Petitioner-Appellant,
v.
Dale FOLTZ, Warden, State Prison of Southern Michigan, at
Jackson, Respondent- Appellee.
 No. 87-1605.
 United States Court of Appeals, Sixth Circuit.
 July 11, 1988.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner, Gregory Houston, appeals from the denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Houston was convicted in state court of first-degree murder and assault with intent to murder. His conviction was affirmed by the Michigan Court of Appeals in a per curiam opinion on June 16, 1980. Petitioner's application for leave to appeal was denied by the Michigan Supreme Court.
 
 
 2
 Petitioner then filed an application for habeas corpus relief in federal court raising issues concerning the jury instructions, the effectiveness of trial counsel, and the alleged misconduct of the prosecutor. The petition was denied. On appeal, we affirmed the district court's judgment on November 22, 1983. Houston v. Mintzes, 722 F.2d 290 (6th Cir.1983).
 
 
 3
 Houston then returned to the state court and, with the aid of new counsel, filed for a new trial raising three new issues. The application was denied by the trial court and then subsequently denied by the Michigan Court of Appeals and the Michigan Supreme Court. Petitioner then filed the instant habeas petition raising the three issues presented before the state courts in his motion for a new trial.
 
 
 4
 Houston first argues that his due process rights were violated by a trial court evidentiary ruling excluding certain testimony. Petitioner next argues that the prosecution violated a discovery order and that this violation resulted in a new trial being granted to one of his co-defendants. Houston's final argument is that he was denied effective assistance of counsel.[1]
 
 
 5
 In the district court, Judge Pratt considered each of those arguments in a carefully written opinion. Since we agree with the conclusions reached by Judge Pratt, we affirm on the basis of his opinion and write briefly for additional clarification.
 
 I.
 
 6
 Houston was convicted of first-degree murder in the stabbing death of Kevin White. He was also convicted of assault with intent to murder Terrence Silver. Houston had been tried jointly with co-defendants Raleigh Lewis, Michael King, and Eddie Gavin, all of whom were also convicted of the assault on Silver. King was also convicted of manslaughter in connection with White's death.
 
 
 7
 On the night of the murder, Detroit police officer, James Kelly, was flagged down by an excited unidentified woman who informed Kelly that there had been a stabbing and the man who did the stabbing was running away. Kelly gave chase and apprehended Eddie Gavin. When the defense sought to introduce Kelly's testimony at trial, that portion relating to what the unidentified woman had told him was ruled to be inadmissible hearsay. Houston contends that it should have been construed as an "excited utterance" and admitted as an hearsay exception.[2] Houston further claims prejudice since the testimony, if admitted, would have suggested that Gavin was the assailant.
 
 
 8
 There are several problems with this argument. First, even if it was erroneously excluded, "habeas review does not ordinarily extend to state court rulings on the admissibility of evidence." Fuson v. Jago, 773 F.2d 55, 59 (6th Cir.1985), cert. denied, 106 S.Ct. 3334 (1986). It is only where an erroneous ruling deprives a petitioner of fundamental constitutional guarantees that a federal court will make inquiry on habeas review. Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988); Walker v. Engle, 703 F.2d 959, 962 (6th Cir.), cert. denied, 464 U.S. 951 (1983). We find no error of constitutional magnitude here for a number of reasons. First, Houston claimed self-defense in the killing of White so that Gavin's alleged involvement is not really relevant. Second, the same testimony could have been elicited simply by asking officer Kelly who he chased and why he chased him. The testimony then is not hearsay at all but is the predicate for officer Kelly's actions. Third, Judge Pratt concluded the testimony was properly excluded as unreliable. Since officer Kelly only had a fleeting conversation with an unidentified woman and since there were two different stabbings, we conclude that a trial judge could have excluded this testimony as unreliable in the proper exercise of his discretion.
 
 II.
 
 9
 Houston argues that a pretrial statement of Silver should have been disclosed in advance of trial but was not disclosed until trial. He does not demonstrate how this was prejudicial to him, but argues that it is presumed to be prejudicial. This latter argument is predicated on People v. King, 98 Mich.App. 146, 296 N.W.2d 211 (1980), where the conviction of Houston's codefendant King was reversed and the case remanded for a new trial. It is not clear from reading King whether there was more than one ground for the remand, but it is clear that the violation of a discovery order by the prosecutor was implicated. Unfortunately, the case contains no meaningful discussion of the discovery issue, nor does it even indicate whose statement was withheld. Furthermore, there is no way that one can conclude that what was deemed prejudicial to King would also be prejudicial to Houston. We note in this regard that, unlike King, Houston did not raise this issue in his direct appeal.
 
 
 10
 Furthermore, the statements relate to Silver's version of the attack made on Silver and do not involve the killing of White. Additionally, we are not bound to apply the same sanction for violation of a discovery order that a state court might. In habeas cases, the test is whether the concept of fundamental fairness was violated and we are unable to conclude that such was the case here.
 
 III.
 
 11
 Petitioner's ineffective assistance of counsel argument relates solely to the contention that his trial counsel should have moved to suppress evidence of Houston's previous extensive criminal record prior to advising him not to testify. Although it appears that if such a motion had been made one of the prior convictions might have been suppressed, the others would have been admissible. The Supreme Court's decision in Strickland v. Washington, 466 U.S. 668, reh'g denied, 467 U.S. 1267 (1984), makes it clear that this is the kind of strategy decision by counsel that should not be second guessed by appellate courts. In addition, petitioner does not indicate how his testimony, if offered, would have changed the outcome of the case.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 The respondents argue below and on appeal that the merits of the issues argued by petitioner are not properly before the habeas court as there was never a ruling in the state courts on the merits. Although we agree that what occurred in the state courts is somewhat ambiguous, we prefer, as did Judge Pratt, to dispose of this case on the merits of the substantive issues raised
 
 
 [2]
 The Michigan Rules of Evidence track the Federal Rules of Evidence in all particulars relevant to this issue. The Michigan Rules of Evidence had not yet been adopted at the time of this trial, but it is agreed that the Michigan "res gestae" exception to the hearsay rule would have been generally applicable and is the forerunner to the "excited utterance" exception